## CHAPIN et al. *v.* WHITSETT.

1. Explanatory or directory matters inserted in parenthesis in forms for legal instruments or process, are not matters of substance.

2. A chattel mortgage given to secure the payment of several promissory notes, and providing, "that in case default shall be made in the payment of said notes, or either of them, according to their tenor," etc., then the mortgagee to take possession, etc.. *Held*, optional with the mortgagee to take possession upon default of payment of any note secured, or await the maturity of the last note.

*Error to District Court of Arapahoe County.*

ON the 15th day of September, 1874, one John H. Speed executed and delivered to Chapin and Gore, the plaintiffs in error, a chattel mortgage of certain property then in Speed's possession, to secure the payment of twenty-four promissory notes, of even date with the mortgage. These notes were payable, the first, one month after date, the next, two months after date (a note falling due each month), the last, payable twenty-four months after date. The mortgage contained the usual conditions of use and possession in the mortgagor until default, or the goods should be claimed or attached by any other person, etc. On the 7th day of November, 1874, Speed executed and delivered to Whitsett, the defendant in error, a mortgage of the same chattels. Some time prior to May 24th, 1875, Whitsett took possession of the goods, Chapin and Gore after demand brought their action in replevin. Upon the trial the chattel mortgage of September 15th, 1874, given by Speed to Chapin and Gore, was not admitted in evidence for the reason of an alleged defective acknowledgment, which is stated in the opinion. The court below found the property in the defendant, and gave judgment for costs against the plaintiffs, and they prosecute this writ of error.

Messrs. HORNER & HAYNES, for plaintiffs in error.

Messrs. SMITH & MACON, for defendant in error.

ELBERT, J. Section 2, chapter 14, R. S. 102, provides that the justice taking the acknowledgment of a chattel mortgage " shall certify the same in substance, as follows : this mortgage was acknowledged before me by A. B., (the mortgagor) this —— day of ——."

The chattel mortgage of the plaintiff in error was excluded at the trial in the court below, for the reason that the words " the mortgagor " do not appear in the certificate of acknowledgment. This was error.

The words are in parenthesis, and serve only to explain

and direct that the name of the mortgagor is to be inserted instead of A. B. Throughout the statutes, and in every legal form-book, wherever a form is prescribed for legal instruments or process, explanatory or directory matter is thus inserted in parenthesis, and is not of substance.

Had the importance of having the identity of the party acknowledging the instrument with the party subscribing it appear in the certificate of the justice, been present to the minds of legislators, and had it been their intention, as urged by counsel, to so prescribe, it is but fair to presume that they would have indicated it in some much more definite and certain manner, as well as have prescribed words of certification, which would have accomplished the object sought.

It is urged, however, that it was the duty of the plaintiffs, as mortgagees, to have taken possession of the mortgaged goods, upon default in the payment of any one of the several notes secured, and that it was not optional with them to await the maturity of the last note before taking possession, and that, consequently, the admission of the mortgage in evidence could not have availed them. The mortgage provided that "in case default shall be made in the payment of said notes, or either of them, according to their tenor, * * * * then it shall and may be lawful for the said parties of the second part, or assigns, to take immediate and full possession of the whole of said goods and chattels to their own use, and sell the same," etc., etc.

This provision does not impose an obligation, but confers an option, and under it the mortgagees could take possession of the mortgaged property upon default in the payment of any note secured, or they could await the maturity of the last note, without forfeiture of their lien. *Barbour et al. v. White et al.*, 37 Ill. 164; *Cleaves v. Herbert*, 61 id. 126.

The judgment is reversed with costs, and case remanded for further proceedings according to law.

Mr. Justice WELLS having been of counsel did not sit in this case.

*Reversed.*