No. 9135.

·J. D. Best & Company v. Wolf Company.

1. CHATTEL MORTGAGE—*Statute Construed.* A chattel mortgage is a creature of statute, and the statute being in derogation of the common law, and the Statute of Frauds, must be strictly construed, and substantially observed.

2. *By Corporation—Execution—Acknowledgment.* A chattel mortgage executed by the Farmers Mill & Elevator Company was followed by signature in these words, The Farns Mill & E. Co. By I. W. Hottel, Sec. and Gen., and the acknowledgment was in the following words:

"This mortgage was acknowledged before me by I. W. Hottel this Oct. 16, 1915.
                    W. O. Redding,
                        Notary Public."

Held that neither the subscription nor the acknowledgment was in substantial compliance with the statute (Laws of 1915 c.50), and the chattels having remained in possession of the mortgagor, the mortgage was without effect as to creditors.

3. NOTICE—*Record.* The record of a chattel mortgage not executed or acknowledged in substantial compliance with the statute is not notice to creditors or third persons.

*Error to Montrose District Court, Hon. Thomas J. Black, Judge.*

Mr. Charles J. Moynihan, Messrs. Catlin & Blake, Mr. William H. Gabbert, for plaintiff in error.

Mr. Hugo Selig, Mr. Ralph E. Waldo, Mr. Henry A. Cox, for defendant in error.

Garrigues, C. J.

## Statement of the Case.

October 4, 1915, the Farmers Mill and Elevator Company, a corporation, operating a flouring mill and elevator at Montrose, executed and delivered to the Wolf Company, a corporation, plaintiff below, defendant in error here, its three certain promissory notes for the respective sums of $980.10 each, payable in six, twelve and eighteen months after date. October 18, 1915, to secure the payment of these notes, it executed and delivered to the Wolf Company the chattel mortgage set out in the complaint, which was duly recorded. Paragraph 7 of the complaint alleges: "That the said I. W. Hottel was at said time the secretary and general manager of the said the Farmers Mill and Elevator Company and authorized to make and execute said mortgage, and did make, execute and acknowledge said mortgage as secretary and general manager, for and on behalf of said the Farmers Mill and Elevator Company."

January 22, 1916, J. D. Best & Company, a corporation, defendant below, plaintiff in error here, sold and delivered a bill of goods to the mill and elevator company amountting to $1,457.62, and June 15, 1916, obtained a judgment against the latter for this bill, with interest and costs, and on the same day execution issued thereon, and one J. H. Gill, as sheriff, levied upon and took possession of the property described in the chattel mortgage, and advertised that on June 28, 1916, he would offer it for sale.

September 26, 1916, the Wolf Company, as plaintiff, be-

gan this action in the District Court to foreclose the chattel mortgage. November 15, 1916, it filed an amended supplemental complaint, the answer to which admits paragraph 7, but denies it had actual notice of the execution and delivery of the mortgage, or of the existence of any lien created thereby, except, about two weeks prior to June 15, 1916, it learned, through its attorney, by examination of the records of the recorder's office, that the mortgage was recorded, and denies actual notice of the execution and delivery of the mortgage, or of any mortgage, or the existence of any lien created by the mortgage, or any mortgage, except the knowledge given by the examination of the record by its attorney.

By stipulation of the parties, one Joseph L. Atkinson was appointed receiver of the property, which he sold under the direction of the court, and paid the proceeds into the registry of the court, subject to the rights, claims and liens of the respective parties, as the same should thereafter be determined by the court or judge. The chattel mortgage recites:

"KNOW ALL MEN BY THESE PRESENTS, That the Farmers Mill and Elevator Co. of the County of Montrose in the State of Colorado, parties of the first part, for and in consideration of the sum of Two Thousand Nine Hundred and Forty and 30/100 Dollars to them in hand paid by The Wolf Co. (Chambersburg, Pa., of the County of Franklin and State aforesaid, parties of the second part, the receipt of which is hereby acknowledged, does hereby grant, bargain and sell unto the said parties of the second part, their heirs and assigns, the following goods and chattels, viz:"

(Here follows a description of the property in dispute.)

The mortgage provides that, until first parties default, it shall be lawful for them to retain the possession of the goods and chattels and to use and enjoy the same.

The execution clause is as follows:

"IN WITNESS whereof, the parties of the first part

have hereunto set their hand and seal this 16th day of October A. D. 1915.

(Signed)                The Farns Mill & E. Co.
                    By I. W. Hottel, Sec. & Gen. (SEAL)"

The acknowledgment is as follows:

"State of Colorado,
  County of Montrose, ss:

This mortgage was acknowledged before me by I. W. Hottel this 16th day of Oct., 1915.

(SEAL)                W. O. Redding, Notary Public."

January 3, 1917, plaintiff moved for judgment on the pleadings, which motion was sustained and judgment then entered, whereby it is considered, ordered, adjudged and decreed by the court that the Wolf Company, as plaintiff, have and recover from the Farmers Mill and Elevator Company judgment in the sum of $3,447.55 and costs, and the clerk of the court is ordered and directed to discharge and satisfy the judgment out of the proceeds of the sale of the property of the mill and elevator company deposited in the registry of the court, and to pay the same to the Wolf Company. January 6, 1917, Best & Company filed its motion for a new trial, which was overruled, and it brings the case here on error.

Garrigues, C. J., after stating the case as above, delivered the opinion of the court:

Plaintiff has no case unless the mortgage is valid as to attaching creditors. A chattel mortgage is valid as against the rights of third parties or attaching creditors, if the mortgagor retains possession, only where the mortgage is acknowledged in substantial conformity with the statute, and recorded. The converse is equally true. A chattel mortgage not acknowledged in substantial compliance with the statute, where the mortgager retains possession, is invalid against the rights of third parties or attaching

creditors even though recorded. The chattel mortgage set out in the complaint was acknowledged and recorded, the chattels remained in the possession of the mortgagor and were never taken possession of by the mortgagee, and the question is, was it acknowledged by the mortgagor in substantial compliance with the statute? It was not.

At common law personal property could only be made security for a debt by actual delivery to the creditor. Under our statute a chattel mortgage is a sale under conditions, and vests the legal title in the mortgage subject to the right of the mortgagor to perform the conditions. Under our statute of frauds every sale made by a vendor of chattels in his possession, unless the same be accompanied by an immediate delivery, and followed by an actual and continued change of possession, is void against creditors. So, to take a case out of the statute of frauds and the common law, registry is made a substitute for delivery and change of possession, and the mortgaged property may remain in the possession of the mortgagor, if the mortgage so provides, and is acknowledged in substantial compliance with the statute, and is recorded.

The statute provides: "No mortgage on personal property shall be valid as against the rights and interests of any third person or persons, unless possession of such personal property shall be delivered to and remain with the mortgagee, or the said mortgage be acknowledged and recorded, as hereinafter directed." (Section 512, R. S., 1908.)

The statute provides the form of acknowledgment and the officer who may take it, and prescribes: "If a corporation shall be the mortgagor, then said certification shall be as follows:

This mortgage was acknowledged before me this _____ _____day of _____19___ .by_____ _____ (president or other head officer) for (naming corporation), mortgagor." (S. L. 1915, p. 140.)

The mortgage in question should have been signed:

The Farmers Mill and Elevator Company, a corporation, By I. W. Hottel, as secretary and general manager.

It was signed: "The Farns Mill & E. Co., By I. W. Hottel Sec. & Gen."

It should have been acknowledged:

This mortgage was acknowledged before me this 18th day of October, 1915, by I. W. Hottel, the secretary and general manager, for the Farmers Mill and Elevator Company, a corporation, mortgagor.

It was acknowledged:

"This mortgage was acknowledged before me by I. W. Hottel this 16th day of Oct., 1915."

The statute also provides:

"Any person who may buy or otherwise obtain any interest in any personal property which is mortgaged in pursuance of this act, but the mortgage of which has not been recorded, and with actual notice of such mortgage, shall be deemed and considered to have bought or obtained such interest in such property subject to such mortgage, the same as though such mortgage had been properly recorded." (Sec. 522 R. S. 1908.)

A chattel mortgage, where possession is not delivered, is a creature of the statute, and, being in derogation of the statute of frauds and the common law, the statute must be strictly construed and substantially complied with, and if not acknowledged in substantial compliance with the statute, does not affect the rights of creditors or third parties, though recorded.

*Cook v. Hager*, 3 Colo. 386; *Crane v. Chandler*, 5 Colo. 21; *Horner v. Stout*, 5 Colo. 166; *Wilcox v. Jackson*, 7 Colo. 521, 4 Pac. 966; *Clark v. Bright*, 30 Colo. 199; 69 Pac. 106; *Edinger v. Grace*, 8 Colo. App. 21, 44 Pac. 855; *First Natl. Bank v. Baker*, 62 Ill. App. 154; *Pfeiffer v. Cressy*, 85 Ill. App. 111; *Gessner v. Minn. Ry. Co.*, 15 N. Dak. 560, 108 N. W. 786; *Howe Mch. Co. v. Avery*, 16 Hun. 555, 557; *Hughes v. Morris*, 110 Mo. 307, 19 S. W. 481; *Campbell v.*

*Hough,* 73 N. J. E. 601, 68 Atl. 759; Sec. 248, Jones on Chattel Mortgages (5th Ed.)

In 62 Ill. App., at page 158, it is said:

"The second section of the chattel mortgage act prescribes the manner in which a chattel mortgage 'shall be acknowledged' and also sets forth the form of certificate; the language of the statute as to this form being: 'The certificate of acknowledgment may be in the following form: This (name of instrument) was acknowledged before me by (name of grantor),' etc. Rev. Stat. of Illinois, Ch. 95, sec. 2. The word 'may' as used in this statute is imperative. *Henderson v. Morgan,* 26 Ill. 431; *Ticknor v. McClelland,* 84 Ill. 471-476.

It is the grantor only who can acknowledge a chattel mortgage, and the certificate must set forth that the grantor did acknowledge. The certificate in the present case is not that the grantor acknowledged but that the mortgage was acknowledged 'by the above named James B. Rielly, Secretary and Francis W. Corey, President, the mortgagors therein named.'

Neither James Rielly, Sect'y, or Francis W. Corey, Pres't, were 'above named,' nor were they 'the mortgagors therein named.'

It is said that this certificate is sufficient, because no one could mistake its meaning. If all the world to whom the certificate of acknowledgment, entry in the justice's docket, and recording is supposed to give notice, knew that at the time of the acknowledgment James Rielly was secretary, and Francis W. Corey president, of the Corey Car & Manufacturing Co., the mortgagor, and intended by what they did to make an acknowledgment by the said company, then the said world could hardly mistake the meaning of the certificate. As it is, the justice for some reason has failed to take the responsibility of certifying that the grantor did acknowledge or that Rielly and Corey were respectively the secretary and president of the Corey Car & Manufactur-

ing Co., or as officers of that company acknowledged to him anything whatever.

The question here presented is, whether this certificate of acknowledgment of a chattel mortgage which does not purport to be an acknowledgment by the grantor, is to be held to be by the grantor.

A chattel mortgage, valid against *bona fide* purchasers and creditors where possession is not delivered, is entirely the creature of the statute. It is not enough that an intention existed to make, and parties believed they had made such mortgage, or that a creditor knows of an attempt to make and acknowledge a mortgage of chattels; compliance with the statute is requisite to its validity.

Therefore, we are not to consider what one who reads this certificate might conclude, but what is certified."

In 15 N. Dak., at page 564, 108 N. W. 786, it is said:

"This is not an acknowledgment that the corporation executed it. Acknowledgments by corporations are governed by sec. 3584, Rev. Codes 1899 (sec. 5022, Rev. Codes 1905). This section provides that the officer executing an instrument for a corporation must acknowledge 'that such corporation executed the same.' A substantial compliance with this section is essential to the validity of the acknowledgment. The acknowledgment by Scott that he executed the instrument cannot take the place of an acknowledgment that the defendant corporation executed it."

In Jones on Chattel Mortgages, 5th Ed., sec. 248, it is said:

"Statutes which prescribe the manner in which mortgages shall be executed and recorded must, in general, be strictly complied with. A record without an acknowledgment where this is required, or without an affidavit where that is required, is ineffectual; and it is equally ineffectual if there be any material defect in the certificate of acknowledgment, or of the taking of the oath, such as the omission of the officer before whom it was taken to sign the certificate. A mortgage not executed or acknowledged in

conformity with the statute, although spread upon the record, is not notice to creditors or purchasers. But it has been held that the omission of the name of the grantor from the acknowledgment is not a fatal defect because the omission can be supplied by reference."

Our statute provides that the certificate of acknowledgment by a corporation must show that the president or other head officer acknowledged it for the corporation. This mortgage shows upon its face that it was not acknowledged by the corporation. The certificate, in plain and unambiguous language, states that it was acknowledged by I. W. Hottel for himself, and does not state that he acted in any official capacity or acknowlegded it for the mortgagor. It must appear from the certificate itself that the statute was substantially complied with. It is not a substantial compliance with the statute, which requires a mortgage given by a corporation to be acknowledged by the corporation, to say: "This mortgage was acknowledged before me by I. W. Hottel." We cannot change the acknowledgment by construction from what it is to what it should have been, nor substitute a different acknowledgment from that which appears upon the face of the record.

There is no want of good faith in a third party levying on the property of the mortgagor if the mortgage is invalid as to him.

The effect of the motion for judgment on the pleadings was to admit that the only actual notice defendant had was the notice obtained from an examination of the record, which was actual notice that the mortgage was acknowledged by I. W. Hottel. When defendant examined the record, it had actual notice of everything the record disclosed, but this was not actual notice that I. W. Hottel, as the secretary and general manager of the Farmers Mill and Elevator Company, for the Farmers Mill and Elevator Company, a corporation, mortgagor, appeared before the officer and acknowledged the mortgage for the corporation. Admitting that the mortgage was acknowledged and recorded

as alleged in paragraph 7 was no admission that defendant had actual notice of the matters therein pleaded. Nothing is said in this paragraph about notice, and the answer specifically denies that defendant had any other notice than that implied by the record. If it be true that actual notice of the matters alleged in paragraph 7 would bind defendant, upon which we express no opinion, it was necessary to prove such actual notice. Judgment on the pleadings could not be substituted for such proof. Actual notice being denied, and not proven, and possession remaining with the mortgagor, the chattel mortgage, not being acknowledged substantially as directed by the statute, though recorded, was invalid as to the rights of third parties, and judgment on the pleadings was wrong.

Reversed and remanded.

Mr. Justice Scott and Mr. Justice Denison concur.

*On Motion for Rehearing.*

Denison, J., (Specially concurring.)

I concur in the reversal because I do not think the motion for judgment on the pleadings should have been granted. Plaintiff should have demurred .

*Rohrer v. Ross,* 53 Colo. 328, 331, 125 Pac. 489, Ann. Cas. 1914B 315; *Richmond v. Stewart,* 53 Colo. 205, 209, 124 Pac. 740; *Harris v. Harris,* 9 Colo. App. 211, 216, 47 Pac. 841; *Miller v. Houston,* 27 Colo. App. 89, 146 Pac. 786.

I am at present inclined to think the chattel mortgage in question was sufficient as between the original parties and as against one with actual notice. I reserve my opinion, however, as to whether there was actual notice to put Best & Company on inquiry, and as to the legal effect thereof.