No. 10,156.

RUSSELL, AS SHERIFF v. FIRST NATIONAL BANK OF CENTER,
COLORADO.

Decided December 4, 1922.

Proceeding involving priority of lien of chattel mort-
gage, and levy under execution. Judgment for chattel
mortgagee.

*Affirmed.*

1. CHATTEL MORTGAGE—*Acknowledgment.* Third parties cannot take
advantage of the mere omission of the mortgagor's name in the
certificate of acknowledgment to a chattel mortgage, where the
name is written in the mortgage itself.

*Error to the District Court of Rio Grande County, Hon.
Jesse C. Wiley, Judge.*

Mr. W. SCOTT CARROLL, for plaintiff in error.

Mr. JAMES P. VEERKAMP, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS controversy between the parties is as to the right
of possession of certain chattel property which the plain-
tiff below, First National Bank of Center, Colorado, de-
fendant in error here, claims by virtue of a chattel mort-
gage which Ira Bacon, the owner of the property, gave
to the plaintiff to secure his indebtedness to the bank.
The sheriff, defendant below, plaintiff in error here, claims
the property under a writ of execution issued on a judg-
ment rendered against Bacon in favor of the Bank of Del
Norte.

The record of the chattel mortgage was prior in time to
the judgment and the levy of the writ of execution. The

sole objection at the trial and assigned as error here, is that the certificate of the notary public to the acknowledgment is not in the form prescribed by our statute.

The only defect pointed out is the absence from the certificate of the name of the mortgagor. The question for decision, therefore, is: Does the omission of the notary to insert in his certificate the name of the mortgagor, subordinate the lien of the mortgage to the lien of the writ of execution? The certificate is in the following form:

"State of Colorado,  ⎱
County of Saguache.  ⎰ ss.

This mortgage was acknowledged before me this 1st day of Dec. A. D. 1920 by ——————— mortgagor. My Commission expires July 26, 1922.

Otellia L. Brubacher,
(Notarial Seal.)                    Notary Public."

Section 2, chapter 43, page 126, Session Laws of 1917, requires the acknowledging officer to "certify the same substantially as follows: 'This mortgage was acknowledged before me this ——— day of ———————, 19—, by ———————, mortgagor.'"

The authorities are to the effect that a certificate which omits the name of the person making the acknowledgment, without otherwise showing that such person was the grantor or mortgagor, is usually regarded as defective, but such omission is not material where it sufficiently appears from the mortgage and certificate that the grantor and no one else appeared and acknowledged the instrument.

In *Chapin v. Whitsett,* 3 Colo. 315, it was held, in passing on a form of certificate much like this one, that the omission of the word "mortgagor" from the certificate is not fatal, though prescribed in the statutory form. That is not the precise question involved here, but it tends to support the decision of the trial court holding the omission not fatal. See 1 C. J. p. 846 *et seq.,* and 1 R. C. L. p. 284, section 62, where the author says:

"It is now well established that a certificate failing to name the acknowledging party—an omission usually due

to a neglect to insert the name in the blank space provided for the purpose—does not affect the validity of the acknowledgment, nor render the record of the instrument less efficacious. The name of the party, in accordance with a general principle, may be ascertained and supplied by reference to the instrument acknowledged."

The defendant's reliance upon *J. D. Best & Co. v. Wolf Co.*, 67 Colo. 42, 185 Pac. 371, is not justified. That was a case where an officer of a corporation, which gave a chattel mortgage, acknowledged the mortgage for himself but not for the mortgagor corporation.

In 1 Amer. & Eng. Encyc. of Law, (2d Ed.) p. 542, it is said that the better practice is to insert the name of the grantor in the certificate of acknowledgment, but it seems to be generally held that the omission of the name therefrom, or a mistake in the name, will not invalidate the acknowledgment if it appears with reasonable certainty from the certificate and deed together, that the grantor in fact acknowledged the instrument.

The doctrine of these authorities is applicable to this certificate. In the mortgage the name of Ira Bacon is written as the mortgagor. Ira Bacon signs the mortgage as grantor. Immediately below the certificate is an affidavit of ownership by Ira Bacon and that he has full power to mortgage the included property. Third parties cannot take advantage of the mere omission of the mortgagor's name in the certificate, where, as here, the name of the mortgagor, though omitted in the certificate, is written in the mortgage itself. The judgment of the district court being in accordance with our views, it is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.