No. 14,967.

RAZATOS ET AL. *v.* DANIELS AND FISHER STORES COMPANY.
(131 P. [2d] 417)

Decided November 2, 1942. Rehearing denied November 24, 1942.

Mr. MORRIS RUTLAND, Mr. JULIUS MEER, Mr. ALBERT T. FRANTZ, for plaintiffs in error.

Mr. JOHN H. GABRIEL, Mr. CLIFFORD W. MILLS, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

ACTION as in replevin by a chattel mortgagee to recover refrigerators and ranges in an apartment house. The holders of a second mortgage on the apartment-house property intervened and challenged the validity of the chattel mortgage on the grounds, as stated: (1) That the acknowledgment was defective; (2) that assuming interveners had actual knowledge of the chattel mortgage, not admitted, but denied, the pleadings did not present such issue; (3) that the chattels involved became fixtures, hence were not subject to chattel lien. Plaintiff made ample denial, and prevailed at trial. By their assignments of error (under code provisions then obtaining) interveners present the same points for determination on review.

The evidence warranted the court in concluding that the maker of the first and second mortgages (or deeds of trust) on the real estate proper, as well as the chattel mortgagee, a corporation, regarded the refrigerators and ranges as chattels, the title to which remained in plaintiff, a fact formally recited in the chattel mortgage; that the representatives of the American National Bank,

holder of the first real estate mortgage, conducted the negotiations whereby the interveners took a second mortgage thereon, drew the papers necessary to that end as well as the chattel mortgage to plaintiff, the whole constituting a final comprehensive arrangement looking to the completion of the building as such and installation therein of the chattels involved; and that all in interest, including interveners, proceeded in that light and purpose.

█ 1. Considering that the chattel mortgage was given by a corporation, the acknowledgment thereof was rather informal, and in that regard may be subject to the weakness we emphasized in *Best & Co. v. Wolf,* 67 Colo. 42, 185 Pac. 371. When it is further considered, however, that there, but not here, the contest was between the mortgagee and an execution creditor, each seeking to establish a superior lien on property concededly chattel, we think the Best case is distinguishable. Indeed, the sole basis of interveners' claim is that the property involved had become as realty.

█ 2. Whether the interveners had actual knowledge of the chattel mortgage was an issue presented by the pleadings, and its resolution by the trial court was pertinent and necessary. The interveners alleged that the property involved was realty, and plaintiff pleaded in denial. On that issue it was competent for the court to receive testimony as to the interveners' knowledge of the chattel mortgage, and to resolve as persuaded thereby. As already noted, the court found that interveners had such knowledge, and predicated thereon gave judgment against them.

█ 3. The intentions of the party who brings chattel property upon land is important in determining the question of whether it becomes a fixture. *Dawson v. Scruggs-Vandervoort Co.,* 84 Colo. 152, 268 Pac. 584. One who purchases property with a view that it shall be placed in a building of which he is the owner, and who executes a chattel mortgage on the property so

purchased, thereby evinces his intention that it shall retain its character as personalty, regardless of the manner in which it may be annexed to the freehold. *Binkley v. Forkner,* 117 Ind. 176 (pt. p. 182), 19 N.E. 753; *Wolf Co. v. Hermann Savings Bank,* 168 Mo. App. 549 (pt. p. 553), 153 S.W. 1094. See, also, *Commercial Finance Co. v. Brooksville Hotel Co.,* 98 Fla. 410, 123 So. 814. We cannot think the property involved, chattel at the time of its installation, became otherwise by anything shown by the record to have occurred subsequently. We perceive no error.

Let the judgment be affirmed.