**In re MITCHELL.**
No. 68366.

United States District Court
N. D. Ohio, E. D.
April 22, 1952.

Marvin L. Gardner, Cleveland, Ohio, for trustee Theodore R. Spilka. .

Robert Merkle, Cleveland, Ohio, for Michigan Nat. Bank.

Milton M. Lang, Cleveland, Ohio, for bankrupt.

McNAMEE, District Judge.

The sole issue presented in this proceeding is—Does the issuance of a certificate of title to a motor vehicle in Ohio by the Clerk of Courts of a county other than the county in which the purchaser resides operate to invalidate the lien of a chattel mortgage noted upon the face of such certificate of title?

The Referee in Bankruptcy held that the lien of the chattel mortgage was void. To test the correctness of that decision the mortgagee, the Michigan National Bank, filed its petition for review in this court.

The facts are not in dispute. Early in the year 1950 P. W. Mitchell became the owner of a house trailer, in which he and his family resided. The trailer was situated in a trailer camp on Lorain Avenue in the Village of Ridgeville in Lorain County, Ohio. The westerly limits of Cuyahoga County, in which Cleveland is located, is less than one mile east of the trailer camp. In December, 1950 the house trailer was destroyed by fire. Mitchell thereafter temporarily resided in the home of the operator of the trailer camp, also located in Lorain County. On January 6, 1951 Mitchell purchased another house trailer from C. N. Littlefield, d. b. a. The Roamer Trailer Mart, located at 13720 Lorain Avenue, Cleveland, Cuyahoga County, Ohio. Mitchell made a small down payment on the trailer, executed his promissory note secured by a chattel mortgage on the trailer to C. N. Littlefield for the balance of the

purchase price. Mitchell also signed an application for a certificate of title to the house trailer. There was no address of the purchaser on the application at the time it was signed by Mitchell. For a valuable consideration Littlefield transferred the note and mortgage to the Michigan National Bank. The application for the certificate of title was filed with the Clerk of Courts of Cuyahoga County, Ohio, at which time the address of the purchaser appeared on the application as being 13720 Lorain Avenue, Cleveland, Ohio. This is the address of the dealer and it is clearly apparent that the insertion of this address as the residence of the applicant was a mistake, no charge of fraud or misrepresentation being made. The Michigan National Bank presented the chattel mortgage to the Clerk of Courts of Cuyahoga County for notation upon the certificate of title. On March 20, 1951 the Clerk of Courts of Cuyahoga County issued a certificate of title to Mitchell and noted thereon that the Michigan National Bank was the holder of a chattel mortgage for the balance due thereon of $3,090. The certificate of title was delivered to the mortgagee.

On June 29, 1951 Mitchell was adjudicated a bankrupt. The Trustee in Bankruptcy instituted proceedings to sell the house trailer. The Michigan National Bank, asserting its mortgage was the first and best lien upon the trailer, filed a cross-petition praying that it be granted possession of the trailer, or, in the alternative, that upon a sale of the trailer it be paid the proceeds thereof to the extent of the balance due on the note and mortgage.

The Referee held that the mortgage of the Michigan National Bank was void because it was not filed in Lorain County, Ohio, which the Referee found to be the residence of the mortgagor, and ordered the Trustee to sell the house trailer "free and clear of such mortgage lien."

Except for the issuance of a certificate of title in Cuyahoga County upon the erroneous recital of the applicant's address in the application, the transaction was in all respects bona fide and valid.

Concededly, if the filing of the application for certificate of title in Cuyahoga County instead of Lorain County was such a non-compliance with the certificate of title law of Ohio as to render the certificate void, the mortgage of the cross-petitioner also must be held to be invalid.

Whether the certificate of title issued to Mitchell was valid is to be determined by an examination and consideration of the applicable sections of the certificate of title law of Ohio.

By express provision in Section 6290–2a, a house trailer is a motor vehicle. The certificate of title law of the State of Ohio, Secs. 6290 to 6290–20 G.C., became effective in 1938. It provides a uniform system of registering titles to and liens upon all motor vehicles transferred within the state. By virtue of its provisions no person can acquire title to or any interest in a motor vehicle until he shall have had issued to him a certificate of title or have delivered to him a manufacturer's or importer's certificate for the same. Section 6290–4, G.C. This latter section also provides:

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this chapter."

Section 6290–5, G.C., requires that an application for a certificate of title "shall be filed with the clerk of courts of the county in which the applicant resides if the applicant be a resident of this state or if not such resident, in the county in which the transaction is consummated".

In the case of the sale of a motor vehicle by a dealer to a purchaser, it is the duty of the dealer to obtain the certificate in the name of the purchaser.

Certificates of title are issued in triplicate, one copy being retained by the clerk, the other copy being forwarded to the registrar of motor vehicles at Columbus, Ohio, and the original certificate being delivered to the purchaser, except where one or more liens are noted upon the certificate, in which case the original certificate must be deliv-

ered to the holder of the first lien. Section 6290-6, G.C.

The registrar of motor vehicles is required to file all certificates and other instruments forwarded to him by the clerks of courts and to maintain indexes thereof covering the state at large. Section 6290-7, G.C.

The section of the Act dealing with liens provides in part that mortgages, conveyances intended to operate as mortgages, trust receipts, conditional sales contracts, or other similar instruments noted by the clerk of courts on the face of a certificate of title "shall be valid as against the creditors' of the mortgagor whether armed with process or not, and subsequent purchasers, mortgagees and other lien holders or claimants but otherwise shall not be valid against them." Section 6290-9, G.C.

In respect of the duty of lien holders, Section 6290-9, G.C., provides:

"The holder of a chattel mortgage, trust receipt, conditional sales contract or similar instrument, upon presentation of said instrument *to the clerk of courts of the county where such certificate of title was issued,* together with the certificate of title * * * may have a notation of such lien made on the face of such certificate of title. The clerk of courts shall enter said notation and the date thereof over his signature and seal of office, and he shall also note such lien and the date thereof on the duplicate of same in his files and on that day shall notify the registrar who shall do likewise." (Emph. supp.)

This section expressly declares that the provisions of the chattel mortgage general recording act, Sections 8560 to 8572, G.C., shall not apply to the filing of chattel mortgages on motor vehicles. In Ohio a certificate of title is the sole evidence of title to a motor vehicle. The Act provides a system of dual recording of instruments in the respective counties of the state and in the office of the registrar of motor vehicles at the state capitol in Columbus, Ohio. The registrar of motor vehicles is authorized and empowered to administer and enforce the certificate of title law, Section 6290,

G.C., and among the powers conferred and the duties imposed upon him are those set forth in the second paragraph of Sec. 6290-7, G.C., which in part reads:

"The registrar shall check with his record all duplicate certificates of title received in his office from the clerks of courts. If it appear that a certificate of title has been improperly issued the registrar shall have the power and it shall be his duty to cancel same. Upon cancellation of any certificate of title the registrar shall notify the clerk of courts, who issued same, and said clerk of courts shall thereupon enter said cancellation upon his records. The registrar shall also notify the person to whom such certificate of title was issued, as well as any lienholders appearing thereon, of said cancellation and shall demand the surrender of such certificate of title, *but said cancellation shall not affect the validity of any lien noted thereon."* (Emph. supp.)

Diligent and exhaustive research by counsel has failed to disclose any reported case in Ohio or elsewhere that decides the precise issue presented. In support of the Referee's decision the Trustee cites and relies upon an opinion of the Attorney General of Ohio (No. 1867, February 17, 1940), the syllabus of which reads:

"A lien against a motor vehicle is not valid where the certificate of title on which the said lien is noted was issued in a county other than the county in which the owner of such motor vehicle resided at the time the application for said title was made."

In his opinion the Attorney General reasons that the provisions of Section 6290-5, G.C., requiring that an application for a certificate of title "shall be filed with the clerk of courts of the county in which the applicant resides" is a mandatory requirement, non-compliance with which renders the certificate invalid. The opinion further holds that where the applicant for certificate of title is a resident of Ohio, a mortgage lien must be noted upon a certificate of title issued by the clerk of courts of the county where the applicant for the certifi-

cate of title resided. While the above-quoted portion of Section 6290–5, G.C. is mandatory in terms, neither in that section nor in any other section of the certificate of title law is there any express language declaring a certificate of title mistakenly issued in the wrong county to be void. In the absence of an express declaration of invalidity or a clearly implied legislative intent of like effect, there is no sound reason for declaring a transfer of title invalid where through mistake the purchaser's address was incorrectly stated in the application. The applicable rule is stated in 60 C.J.S., Motor Vehicles §. 41, pp. 168–169 as follows:

> "Where the legislature has not expressly provided that the sale or transfer without compliance with the statute shall be void or fraudulent, in order for the courts to invalidate such transfers for non-compliance it must clearly appear from the statute that the legislature so intended."

■ An examination of the sections of the certificate of title law of Ohio discloses that it is not the legislative intent to render transfers of motor vehicles evidenced by certificates of title void where through mistake or inadvertence the certificate is improperly issued. The second paragraph of Sec. 6290–7 invests the registrar of motor vehicles with power to cancel certificates of title improperly issued, but expressly preserves the validity of liens noted upon such cancelled certificates. These provisions effectively repel the suggestion that certificates of title improperly issued are void. Manifestly, if all improperly issued certificates were void, there would exist no legal basis for the preservation of liens noted on the face of such certificates. While Sec. 6290–7, G.C. refers to the powers of the registrar of motor vehicles and the effect of his cancellations of certificates "improperly issued", the provisions of this section are binding upon the courts. They evidence a clear legislative purpose to protect lienholders whose liens are otherwise valid and who have complied with the certificate of title law in having their liens noted upon the certificate by the clerk of courts of the county where the certificate was issued. The provisions of Sec. 6290–7,

G.C. are in harmony with Sec. 6290–9 G.C. This latter section imposes no duty upon a lienholder to ascertain or determine that the certificate of title upon which his lien is to be noted was issued in the county of the residence of the applicant for the certificate. The lienholder is not required to look behind the certificate to determine whether its issuance was in strict conformity with the formal requirements of the statute. The duty imposed upon the lienholder is that he present the instrument evidencing his lien to the "clerk of courts of the county where such certificate of title was issued". The courts are without authority to enlarge the duty thus imposed. The chattel mortgagee here complied strictly with the requirements of Sec. 6290–9 G.C. It was required to do no more. While the certificate of title upon which the lien was noted might be subject to cancellation by the registrar of motor vehicles or by the courts, such cancellation, in the absence of fraud or forgery or substantive considerations that would invalidate the title of the mortgagor, would not affect the validity of the lien of the chattel mortgagee.

■■ While defective, the certificate of title to Mitchell was sufficient to convey title to the house trailer. There can be little doubt that if this certificate had been cancelled before Mitchell was adjudicated bankrupt he could have compelled the issuance of a certificate of title to him by the clerk of courts of Lorain County. The chattel mortgage of the Michigan National Bank was noted on the certificate of title which was in the possession of the mortgagee. The record of the mortgage appears in the office of the clerk of the courts in Cuyahoga County and also in the office of the registrar of motor vehicles at Columbus, Ohio. Notice to creditors, subsequent lienholders and purchasers was adequate, complete, and in strict conformity to the requirements of law.

In these circumstances it must be held that the lien of the mortgagee Michigan National Bank is a valid first lien upon the house trailer. Bankruptcy courts are courts of equity. As was said in In re Lowry, 4 Cir., 40 F.2d 321, 322:

"Under the circumstances here to take that which in all equity and justice is the property of appellant for the benefit of general creditors would not be doing equity."

For the reasons assigned, the decision of the referee is reversed and the cause remanded with instructions to enter an order decreeing that the Michigan National Bank has the first and best lien upon the house trailer.