No. 17,411.

Central Finance Corporation et al. *v.* Calvert.

(276 P. [2d] 990)

Decided November 29, 1954.

Messrs. Shuteran, Robinson & Harrington, for plaintiff in error.

Messrs. Pershing, Bosworth, Dick & Dawson, Mr. John W. Low, Mr. Ramon P. Colvert, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

WE will herein refer to the parties as they appeared in the trial court, where plaintiff in error was defendant and defendant in error was plaintiff. As to defendant Whitehead the action was dismissed and we now consider only the corporate defendant.

Plaintiff, in his complaint, alleged that he was the owner and in possession of 106 aluminum storm and screen doors, and that on May 28, 1953, defendant wrongfully and in wanton disregard of plaintiff's rights, converted said property to its own use.

Defendant by answer denied the conversion and affirmatively alleged that the Colorado Thermoseal Company was the owner of said chattels at the time said company had executed a chattel mortgage thereon to defendant. It further alleged that the indebtedness secured by said chattel mortgage was not paid; that any interest of plaintiff in the property was acquired after the execution, delivery, and filing of record of said mortgage; and was junior to the lien of defendant company.

Plaintiff claimed to have acquired the ownership of said doors from two sources. The Colorado Thermoseal Company, a Colorado corporation, was engaged in the business of buying, selling, and installing combination screen and storm doors and windows. In October, 1952, that corporation purchased approximately 200 of said doors from the Maloney Company, title to said chattels being taken in the name of the Colorado Thermoseal Company. Of this stock, the corporation had sold and installed approximately seventy-five of said doors between the date of purchase and December 31, 1952. On the latter date the corporation transferred all remaining doors to plaintiff. Thereafter plaintiff released the doors to Thermoseal for resale, and on February 23, 1953, the number of doors remaining from the original purchase was eighty-eight. The second source, from which plaintiff acquired the doors seized by defendant, was by direct purchase of seventy-five doors from the Maloney Company, which purchase was made February 4, 1953.

· ·May 28, 1953, defendant seized 106 doors and disposed of them to satisfy the amount alleged to be due on a promissory note dated December 13, 1952, for the principal sum of $3,914.00, and signed by Donald L. Pascoe, Marjorie L. Pascoe and Glenn E. Malander. These signers actually were officers of the Thermoseal corporation. The promissory note, however, was signed by the parties individually, and not in any corporate capacity. The chattel mortgage upon which defendant bases its right to take possession of the property in question was dated December 13, 1952, and purports to secure payment of the promissory note above mentioned. In the mortgage there was particularly described 158 doors of various sizes. It is not disputed that both the promissory note and the chattel mortgage were drawn at the direction of a representative of the defendant company. The chattel mortgage is signed by Donald L. Pascoe, Marjorie L. Pascoe and Glenn E. Malander, and the acknowledgment of said signatures before a notary public contains the following statement: "The foregoing instrument was acknowledged before me this 13th day of December, A. D. 1952, by Donald L. Pascoe and Marjorie L. Pascoe and Glenn E. Malander mortgagors DBA Colorado Thermoseal Co."

The trial court found that no lien was created by the instrument upon which defendant relied, and entered judgment in favor of plaintiff. Defendant, seeking a reversal of the judgment, brings the case here for review by writ of error.

## Questions to be Determined.

■  *Where a corporation buys chattels and takes title thereto in its own name; and where officers or directors of said corporation thereafter attempt to secure payment of their promissory note by executing as individuals a mortgage upon said chattels; is any valid lien created which will be upheld as between the mortgagee and one who purchases the property, or otherwise acquires an*

*interest therein, from the corporation subsequent to the date of the mortgage?*

The question is answered in the negative. In the opinion in *J. D. Best & Co. v. Wolf Co.*, 67 Colo. 42, 185 Pac. 371, the court said, inter alia: "A chattel mortgage, where possession is not delivered, is a creature of the statute, and, being in derogation of the statute of frauds and the common law, the statute must be strictly construed and substantially complied with, and if not acknowledged in substantial compliance with the statute, does not affect the rights of creditors or third parties, though recorded."

In the instant case it cannot successfully be contended that the chattel mortgage upon which defendant relies ever was signed by the corporation which owned the property described therein, nor was there any acknowledgment by the corporation in substantial compliance with the statute. In *J. D. Best & Co. v. Wolf Co., supra,* the court further stated: "A chattel mortgage, valid against *bona fide* purchasers and creditors where possession is not delivered, is entirely the creature of the statute. It is not enough that an intention existed to make, and parties believed they had made such mortgage, or that a creditor knows of an attempt to make and acknowledge a mortgage of chattels; compliance with the statute is requisite to its validity."

In the instant case, defendant was wholly unjustified in seizing and converting the chattels to his own use unless the chattel mortgage in question was valid. To be valid the mortgage must have been executed by the owner of the property in substantial conformity with the statute. This was not done; also it must have been acknowledged in substantial compliance with the statute and there was no such compliance in this case. The Act of the legislature approved March 31, 1953 (S.L. '53, page 186), amending the law relative to acknowledgments of chattel mortgages, was not in effect at the time of the events shown by this record and this

opinion is not to be interpreted as a construction of that Act.

We deem it unnecessary to discuss other matters argued by counsel, since the foregoing fully disposes of the controversy.

The judgment is affirmed.