Benjamin R. LOYE, Trustee in Bank-
ruptcy, Appellant,

v.

DENVER UNITED STATES NATIONAL
BANK, Appellee.

In the Matter of Carl LUCHETTA, Jr.,
Bankrupt.

No. 7770.

United States Court of Appeals
Tenth Circuit.

Feb. 10, 1965.

R. Dale Tooley, Denver, Colo. (Schmidt & Van Cise, Denver, Colo., on the brief), for appellant.

Thomas S. Nichols, of Davis, Graham & Stubbs, Denver, Colo. (Richard M. Davis and Robert H. Harry, Denver, Colo., on the brief), for appellee.

Before MURRAH, Chief Judge, HILL, Circuit Judge, and DAUGHERTY, District Judge.

HILL, Circuit Judge.

Carl Luchetta, Jr., was adjudicated a bankrupt on August 1, 1963, and appellant, Loye, was appointed Trustee of the estate. Appellee, Denver United States National Bank, subsequently filed its proof of claim based upon a promissory note, which was secured by a chattel mortgage upon an automobile, and it requested leave to foreclose the mortgage. The Trustee took issue as to the validity of the chattel mortgage on the ground that the mortgage transfer had not been perfected under Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c. The Referee held the mortgage invalid. Upon a Petition for Review the District Judge reversed the Referee and found the lien upon the automobile to be valid. The Trustee has appealed.

The following facts are without dispute: Luchetta purchased a used automobile from O'Meara Motor Company and executed a promissory note and the questioned chattel mortgage upon the automobile as part payment of the purchase price. The mortgage instrument gave Luchetta's address as "4534 West 35th Avenue, Denver 15, Jefferson County, Colorado". Actually, this address is not in Jefferson County but is in the City and County of Denver. Appellee bank acquired the note and mortgage, without recourse, and filed the mortgage for record in the office of the County Clerk and Recorder of Jefferson County. It was thereafter sent by that office to the Director of Revenue for the State of Colorado where it was placed of record and also recorded on the Certificate of Title to the automobile. These transactions all transpired prior to the filing of the petition in bankruptcy.

The validity of appellee's mortgage as against the Trustee must be determined by the Colorado statutes,[1] known as The Certificate of Title Act. In the absence of any controlling provision of the Bankruptcy Act, the validity, nature and effect of appellee's lien upon the automobile are governed by the law of the state where the property is situated. Potucek v. Cordeleria Lourdes, 10 Cir., 310 F.2d 527, cert. denied, 372 U.S. 930, 83 S.Ct. 875, 9 L.Ed.2d 734; Porter v. Searle, 10 Cir., 228 F.2d 748; Seymour v. Wildgen, 10 Cir., 137 F.2d 160. And, as a general rule liens which are perfected under state law as against levying creditors prior to the date of bankruptcy are valid as against the trustee and those not so perfected or perfected after bankruptcy are invalid as against the trustee. 4 Collier on Bankruptcy (14th Ed.), § 70.51, pp. 1424–1429.

The Colorado Certificate of Title Act is not a novel one but is in the same general form as those adopted in several other states. These acts were first developed as devices to impede and prevent the sale of stolen motor vehicles. At the beginning they were concerned only with the rights of ownership to automobiles. Finally, there has developed in a majority of the states what the authorities refer to as "complete" title acts. The Colorado Act comes within this category. The so-called "complete" acts have all been motivated by the desire of the states to provide a simple and effective way of ascertaining title to and interests in this highly mobile property. In First Nat. Bank of Ogallala, Neb. v. Chuck

---

1. Colo.Rev.Stat. (1963), 13–6–19 and 20.

Lowen, Inc., 128 Colo. 104, 261 P.2d 158, 160, 161, the Colorado Supreme Court made this purpose of the Act clear by the following language:

> " * * * Under our former policy in Colorado, the validity of chattel mortgages as to innocent third parties was dependent on recording or filing them in the office of the proper county clerk, analogous to the provisions for protection of title to real estate. However, the mobility of motor vehicles and their frequent sale in states far distant from the county of the mortgage filing has resulted in a new method of protection by means of showing mortgages on the title certificate, which can be carried with the car, rather than by record in the files of a distant and probably unknown county. * * *

> " * * * under the policy of our law * * * the requisite of clear title * * * is the possession of a certificate free of lien. Our statute Section 13(8) makes title * * * depend on receipt on [sic] such a certificate, and ignorance of mortgages must be proven by the certificate." [2]

Appellant contends that the Colorado Act is in derogation of the common law and must be strictly construed. He points out that the Colorado Supreme Court has applied the rule of strict construction to chattel mortgage statutes [3] and has held that there must be strict compliance with the terms of the statute in respect to other portions of the Act.[4] Appellant also points out that under the statute the holder of a chattel mortgage on a motor vehicle who desires the protection of the Act " * * * shall present said mortgage * * * in the county, or city and county in which the mortgagor of such motor vehicle resides, or where the property is located" [5] and argues that the use of the word "shall" makes compliance with the requirements of the statute mandatory. From this he argues that since the chattel mortgage in question was not recorded in either the county where the mortgagor resides or in the county where the automobile was located, it was not recorded in compliance with the statute and therefore is invalid.

However, appellant recognizes that the Colorado Supreme Court has not ruled upon the precise question before us, namely, whether under Colorado law, a chattel mortgage noted on the title certificate to a motor vehicle is void as to third parties where it has been recorded in the wrong county. In such a situation this court has repeatedly said that we will give great weight to the Federal trial judge's interpretation of local law and will accept his interpretation unless convinced that it is clearly erroneous. Cliborn v. Lincoln National Life Insurance Co., 10 Cir., 332 F.2d 645; McCallister v. M-A-C Finance Co. of Tulsa, Inc., 10 Cir., 332 F.2d 633. We are not so convinced in this case.

Under appellant's interpretation of the Colorado Act, the local recording of the chattel mortgage would be given controlling weight in determining the validity of the mortgage. Carried to its logical conclusion, that interpretation would invalidate any chattel mortgage on a motor vehicle which was not filed in the county where the mortgagor resided or where the property was located and hence no notice of the existence of such a mortgage would be imparted even though there was a clear notation of the existence of the mortgage lien upon the certificate of title. This is the very result the Act was designed to alleviate.

---

2. For a further discussion of the history of the title certificate acts, see 70 Yale L.J. 995–1022.

3. Central Finance Corporation v. Calvert, 130 Colo. 519, 276 P.2d 990; J. D. Best & Co. v. Wolf Co., 67 Colo. 42, 185 P. 371, 29 A.L.R. 899.

4. Amarillo Auto Auction v. Hutchinson, 135 Colo. 320, 310 P.2d 715; Codding v. Jackson, 132 Colo. 320, 287 P.2d 976.

5. Colo.Rev.Stat. (1963), 13–6–20

As we have seen, the purpose of the title acts was to provide a simple and effective means of ascertaining the title to and interests in motor vehicles and that means is an examination of the title certificate itself. In other words, the provision in the statute requiring the notation on the title certificate of the filed chattel mortgage was designed to make that certificate conclusive as to the rights of the parties with respect to the matter of notice of prior encumbrances. " * * And it is not the province of this court to give to the statute a narrow interpretation out of harmony with the designed purpose and intent of the legislature." Riverview State Bank v. Ernest, 10 Cir., 198 F.2d 876, 880, 34 A.L.R.2d 892, cert. denied, 344 U.S. 892, 73 S.Ct. 212, 97 L.Ed. 690. As the Third Circuit said in commenting upon a similar statute: " * * * We see no reason why it [the legislature] may not protect the lien of a lender by making the recording of the lien upon the certificate of title sufficient notice of it to creditors. Certainly the Legislature intended to do so. * * * " In re Berlin, 3 Cir., 147 F.2d 491, 492.

■ Moreover, this interpretation of the Colorado Act is supported by the case of In re Mitchell, 104 F.Supp. 969 (N.D.Ohio 1952), aff'd, 6 Cir., 202 F.2d 426. In that case it was held under a similar Ohio statute that the recording of a chattel mortgage on a motor vehicle in the wrong county did not render the mortgage lien void so as to be vulnerable to attack by a trustee in bankruptcy under section 70, sub. c of the Bankruptcy Act. The court observed that the chattel mortgage was noted on the certificate of title and said: " * * * The record of the mortgage appears in the office of the clerk of the courts in Cuya-hoga County and also in the office of the registrar of motor vehicles at Columbus, Ohio. Notice to creditors, subsequent lienholders and purchasers was adequate, complete, and in strict conformity to the requirements of law." (104 F.Supp. at 972.) In this case, the chattel mortgage of appellee was noted on the certificate of title to the automobile in question. It was recorded in the office of the Clerk and Recorder of Jefferson County, Colorado, and also in the office of the Director of Revenue. Notice to creditors, subsequent lienholders and purchasers was therefore adequate and complete.

In addition, if anything further is needed to susbtantiate the conclusion that substantial compliance with section 13–6–20 is all that is required, it may be found in section 13–6–19, which is concerned with encumbrances upon motor vehicles. It provides that any mortgage intended to create a lien on a motor vehicle, to be effective as a valid lien against creditors of the owner, shall be filed for public record and the fact thereof noted on the certificate of title. The section then goes on to state that this shall be done "substantially" in the manner provided by section 13–6–20 and the filing with the authorized agent and the notation by him of that fact on the certificate "substantially" in the manner provided in section 13–6–20 shall constitute notice to the world of the existence of such mortgage.

■ We therefore agree with appellee and the trial court that the Colorado Act is intended to supersede the use of local files and records in providing notice of encumbrances upon motor vehicles and that the notation on a title certificate of the existence of an encumbrance is sufficient notice to subsequent creditors.

The judgment is affirmed.