**In re YEAGER TRUCKING, a Colorado general partnership, Debtor.**

**YEAGER TRUCKING, a Colorado general partnership, Plaintiff,**

v.

**CIRCLE LEASING OF COLORADO CORPORATION, Defendant.**

**Bankruptcy No. 82 B 4462 C.
Adv. No. 83 G 0003.**

United States Bankruptcy Court,
D. Colorado.

March 30, 1983.

Jeffrey Cohen, Quiat, Dice & Associates, Denver, Colo., for debtor/plaintiff.

John F. Reha, McMartin, Burke, Loser & Fitzgerald, Englewood, Colo., for defendant.

## MEMORANDUM OPINION

### BACKGROUND

JAY L. GUECK, Bankruptcy Judge.

Plaintiff-debtor (Yeager) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 28, 1982. Thereafter, it filed a complaint to avoid liens under 11 U.S.C. § 544(a). The liens in question have previously been held to be conditional sales contracts, coupled with a security interest granted to the defendant, Circle Leasing, on a 1979 Kenworth glider tractor and a 1980 Ranco belly-dump trailer. For purposes of this hearing, the parties have stipulated to the correctness of that ruling without prejudice to argue to the contrary in a pending appeal of that earlier holding.

Plaintiff alleges it occupies the status of a judgment-lien creditor, and contends that Circle Leasing failed to perfect its rights to a security interest in the tractor or trailer, pursuant to Art. 9 of the Colorado Uniform Commercial Code, 1973 C.R.S. 4–9–101 et seq., especially 4–9–302, requiring the filing of a financing statement. Thus, plaintiff asserts that the lien is not perfected under 1973 C.R.S. 4–9–302 and should be avoided pursuant to § 544(a) of the Bankruptcy Code.

Defendant-creditor (Circle Leasing) filed a Motion to Dismiss, alleging it properly perfected a security interest under the Colorado Certificate of Title Act, 1973, C.R.S. 42–6–101 et seq., especially 42–6–119 and 120. Circle Leasing then contends the Colorado Uniform Commercial Code is not applicable, and maintains it has a valid security interest not subject to avoidance.

Plaintiff has also filed a Motion for Summary Judgment seeking a determination, as a matter of law, that Circle Leasing failed to perfect whatever lien it had and that Yeager, occupying the status of a judgment—lien creditor in this bankruptcy action, is entitled to a judgment avoiding the lien of Circle Leasing.

### FACTS

Yeager Trucking and Circle Leasing entered into a "Leasing Agreement" for a 1979 Kenworth tractor on February 21, 1980. Circle Leasing and one Lee Roy Munger entered into a similar "Leasing Agreement" and a "Security Agreement-Finance Statement-Transfer of Equity" for a

1980 Ranco belly-dump trailer on May 23, 1980. Munger then transferred his interest to Yeager, with the consent of Circle Leasing, on August 26, 1981. These agreements are attached as Exhibits A, B and C to the Motion for Summary Judgment and counsel have stipulated they are the operative documents. Additionally, Certificates of Title relating to the property herein involved are attached as Exhibits D and E to the Motion for Summary Judgment. Counsel have also stipulated to their authenticity. These Certificates of Title are motor vehicle certificates, reflecting ownership in Circle Leasing of Colorado Corp.

The property has been used by Yeager as construction equipment. Both vehicles were titled and licensed for over-the-highway use. Circle Leasing financed the purchase of these vehicles by Yeager Trucking. It does not appear that either vehicle was ever held as "inventory" for resale by Circle Leasing, although Circle Leasing may have purchased such property for immediate resale to Yeager. The Certificates of Title do not reflect any lien of Circle Leasing, but reflect Circle Leasing to be the actual owner. No financing statement was ever filed to perfect the security interest under 1973 C.R.S. 4–9–302(1).

Under these facts, the question is whether Circle Leasing has failed to perfect its security interest in collateral so that its lien should be avoided pursuant to 11 U.S.C. § 544(a). In deciding this issue the Court must first determine whether the perfection of Circle Leasing's interest is subject to the Colorado Uniform Commercial Code or the Colorado Certificate of Title Act.

### ISSUES

1. Is the perfection of this security interest governed by the Colorado Uniform Commercial Code or the Colorado Certificate of Title Act?

2. Did Circle Leasing properly perfect its security interest in the collateral so as not to be subject to avoidance under 11 U.S.C. § 544(a)?

### DISCUSSION

1. *Is the perfection of this security interest governed by the Colorado Uniform Commercial Code or the Colorado Certificate of Title Act?*

■ The central issue before the Court concerns the attachment and perfection of Circle Leasing's security interest in the collateral. The complaint seeks to void liens pursuant to 11 U.S.C. § 544. The operation of 11 U.S.C. § 544, the "strong-arm" provision of the Code, is straightforward. If, as of the commencement of the bankruptcy case, there exists unperfected liens or security interests, the Trustee or debtor-in-possession can avoid the interest, preserve the property for the benefit of the estate under § 551, and relegate the creditor to the status of a general unsecured creditor. The determination of whether the security interests is perfected is determined by state law. *In re Midwestern Food Stores, Inc.,* 21 B.R. 944 (Bkrtcy.S.D. Ohio 1982). In a Chapter 11 proceeding, the debtor-in-possession may exercise the rights and powers of the Trustee. 11 U.S.C. § 1107(a).

Pursuant to § 544(a)(1) of the Code, the Trustee or debtor-in-possession has the rights and powers of a hypothetical judicial lien creditor. According to Collier, "the Trustee's powers, in every case governed by § 544(a), are those which the state law would allow to a supposed or hypothetical creditor of the debtor who, as of the commencement of the case, had completed the legal (or equitable) processes for perfection of a lien upon all the property available for the satisfaction of his claim against the debtor." *Collier on Bankruptcy,* Vol. 4, § 544.02 (15th Rev.Ed.1979). The respective rights of Yeager and Circle Leasing depend upon whether Circle's lien is perfected or unperfected. That determination depends upon which statute is applicable— the Colorado Uniform Commercial Code, or the Colorado Certificate of Title Act.

The Colorado Uniform Commercial Code (UCC) provides in § 4–9–301(1)(b) that an unperfected security interest is subordinate to the rights of a lien creditor, such as a judicial lien creditor, existing at the time

the bankruptcy petition is filed. It is then provided in § 4–9–302(1) of the UCC that a security interest is perfected when a financing statement is filed. Thus, Yeager contends this is the applicable statute. However, the UCC goes on to state in § 4–9–302(3)(b) that the filing of a financing statement is not necessary or effective to perfect a security interest in property subject to a Certificate of Title statute in Colorado covering automobiles, trailers, farm tractors and other specified vehicles. Circle Leasing contends the Certificate of Title statute is the applicable statute. Circle Leasing did not file a financing statement. However, it was listed as the owner on the Certificates of Title.

Yeager strenuously argues that the Certificate of Title Act is inapplicable under that portion of § 4–9–302(3)(b) excepting from the Certificate of Title statute inventory held for sale, citing *Guy Martin Buick, Inc. v. Colorado Springs National Bank,* 32 Colo.App. 235, 511 P.2d 912 (1973), aff'd. 184 Colo. 166, 519 P.2d 354 (1974).

I do not agree with the debtor's interpretation of either the "inventory held for sale" clause of 4–9–302(3)(b) or its application to these facts. The clause relied on by Yeager is as follows:

"... but during any period in which collateral is inventory held for sale by a person who is in the business of selling goods of that kind, the filing provisions of Part 4 of this Article apply to a security interest in that collateral created by him as a debtor; ..."

Even if this clause is applicable, the filing provisions of Part 4 apply to a security interest created by "a person who is in the business of selling goods of that kind" (Circle Leasing) as a debtor to another. Such was not the evidence in this case.

■ Further, it is the use by the debtor, not any intended use by the creditor, that is controlling as to classification of the collateral under § 4–9–109. *McGehee v. Exchange Bank and Trust Co.* 561 S.W.2d 926 (Tex.Civ.App.1978); *Commercial Credit Equipment Corp. v. Carter,* 83 Wash.2d 136, 516 P.2d 767 (1973). The statute under consideration in *Commercial Credit Equipment Corp., supra,* is identical to the statute in this matter.

■ Although the property may have been inventory as defined in § 4–9–109(4) when held by Circle Leasing, once the transactions were consummated with Yeager, the classification of the collateral changed from inventory in the hands of Circle Leasing to equipment, as defined in 4–9–109(2), in the possession of Yeager Trucking. Such equipment is governed by the Certificate of Title Act. If Circle Leasing has perfected its security interests, perfection will be governed by 1973 C.R.S. 42–6–101 et seq., the Colorado Certificate of Title Act.

*2. Did Circle Leasing properly perfect its security interest in the collateral so as not to be subject to avoidance under 11 U.S.C. § 544(a)?*

■ The Certificate of Title Act, in 42–6–103, states that its provisions shall apply to motor vehicles as defined in § 42–6–102(7). Here, there is no dispute as to the classification of the 1979 Kenworth tractor and the 1980 Ranco belly-dumper as motor vehicles. The 1979 Kenworth is obviously a self-propelled vehicle designed primarily for travel on public highways. The 1980 Ranco belly-dumper is a trailer without automotive power. Both vehicles were licensed for over-the-highway use.

Perfection of security interests in motor vehicles is governed by 1973 C.R.S. 42–6–119 and 120. Basically, § 119 requires substantial compliance with the provisions of § 120 to perfect the mortgage and give notice to the world of each and every right of the person secured by such mortgage. The procedures to be followed for perfection and protection are detailed in § 42–6–120. Essentially, the Certificate of Title must contain a notation that a lien exists, the amount of such lien, the date it attached, and the County in which it was recorded.

In this case, Circle Leasing merely has its name as owner on the Certificates of Title.

The question is whether a notation of a creditor has "owner" on the Certificate of Title is sufficient "substantial compliance" with § 42–6–120 to perfect the lien in this case.

The purpose of the Colorado Certificate of Title Act is to provide third persons with a simple and effective way of ascertaining title to and interest in motor vehicles. *Loye v. Denver U.S. National Bank,* 341 F.2d 402 (10th Cir.1965). The Court, in *Loye, supra,* determined that the statute should be interpreted to harmonize with the designed purpose and intent of the legislature, in holding that the recording in the wrong county of a chattel mortgage on a motor vehicle did not render the lien void so as to be vulnerable to attack by a trustee in bankruptcy. The Court determined that notice was given by the clear notation of the existence of a mortgage lien upon the Certificate of Title. Thus, it was held there was substantial compliance with the provisions of § 42–6–120.

Most jurisdictions have held, based on Certificate of Title statutes which require notation of the mortgage on the title, that a notation on the Certificate indicating the creditor as "owner" is sufficient to perfect a security interest in motor vehicles. *In re Circus Time, Inc.,* 641 F.2d 39 (1st Cir.1981); *In re Coors of the Cumberland, Inc.,* 19 B.R. 313 (Bkrtcy.M.D.Tenn.1982); *In re Trivett,* 12 B.R. 373 (Bkrtcy.E.D.Tenn.1981) (applying Indiana law).

It is noted that *In re Circus Time, Inc. supra,* is particularly apposite in its facts to the case at bar. There, the creditor leased six vans to the debtor. The bankruptcy court found that the leases were security interests taken by the creditor as part of installment sales contracts. The Certificate of Title only contained a notation of the creditor as "owner" and did not state the existence or date of the creditor's lien. The Court held, "the Certificates obtained by Grumman (secured party) contained only minor errors which are not seriously misleading and so substantially comply with the perfection requirements presently at issue." *In re Circus Time, Inc., supra,* at page 43.

This appears to be the correct result. The Certificate of Title Acts create a system of notice filing in which the Certificate merely indicates who may have a security interest. Further inquiry from the parties is necessary to determine the complete state of affairs. Therefore, when an interested third party conducts his search and eventually finds the Certificate noting the creditor as owner, he has ample notice that the creditor has an interest in the vehicle. The third party would then be obligated to determine the true state of the title. This result gives § 42–6–120 a liberal interpretation to comport with the purpose and intent of the legislature as mandated by *Loye v. Denver U.S. National Bank, supra.* I, therefore, adopt the rule of *In re Circus Time, Inc., supra,* and hold that a notation of the creditor as "owner" on the Certificate of Title constitutes substantial compliance with § 42–6–120. The notation of the creditor (Circle Leasing) as "owner", while not literally complying with § 42–6–120, is sufficient notice to third parties of an interest in the vehicle, adverse to any asserted interest of Yeager. Therefore, Circle Leasing has perfected its lien in the 1979 Kenworth and the 1980 Ranco belly-dump trailer by substantially complying with 1973 C.R.S. 42–6–120.

## ORDER

Based upon the evidence and the authorities cited herein, it is

ORDERED that the relief requested in the Complaint to Avoid Liens under 11 U.S.C. § 544(a) is denied. The Motion for Summary Judgment filed by Yeager Trucking is denied. The Motion to Dismiss filed by Circle Leasing is granted. Each party is to pay its own costs herein.