[No. 3374. April 8, 1930.]

[Rehearing Denied May 23, 1930.]

GEHMAN v. LAIR.

[288 Pac. 604.]

J. D. Mell and O. O. Askren, both of Roswell, for plaintiff in error.

L. O. Fullen, of Roswell, for defendant in error.

OPINION OF THE COURT

WATSON, J.

B. F. Gehman has sued out a writ of error to a decree of specific performance of a contract by which said plaintiff in error agreed to exchange his New Mexico lands for Missouri lands of W. M. Lair, defendant in error.

By the contract, the Missouri lands were described as

"Two hundred and thirty-eight acres, more or less, described as follows: E ½ of the Northwest ¼ and the North West ¼ of the North West ¼, in Section 7, (except 2 acres) and the North East ¼ of the South West ¼ and the South West ¼ of the South West ¼ in Section 6 and the South East of the South West of Section 6, all in Township 30, Range 20, in Green County, Missouri."

Soon after the making of this contract plaintiff in error advised defendant in error that he would not perform. Defendant in error, nevertheless, tendered a deed of the Missouri lands, described as in the contract, and executed by himself and Fannie P. Lair, his wife; the record title being in the latter. He also tendered abstracts of title. The tender having been refused, defendant in error commenced this suit.

By his second amended complaint defendant in error alleged that the expression "except 2 acres" referred to a certain cemetery inclosed by a fence; that such was the understanding and intent of both parties; and that by mutual mistake a sufficient description of it had not been inserted in the contract. He prayed for a reformation of the contract to cure the uncertainty of the description, and for specific performance of the contract as reformed.

By the decree the contract was reformed by adding to the description the following:

"Said 2 acres being located in the west-central portion of said 40 acre tract described and being used as a community cemetery and burying ground, the graves being marked by the usual and customary headstones, said 2 acres being surrounded and bounded by a woven wire fence 4 feet high."

Plaintiff in error was required to accept a deed containing such description, and to convey his own land in exchange therefor.

The only contention which we need consider is that the court erred in making its conclusion of law, "that p'aintiff's deed, so reformed, will convey to defendant merchantable title to said Missouri land."

The general objection is that Mrs. Lair's title is not merchantable. The particular objection is that in the

warranty deed from one Stewart to Mrs. Lair, dated August 31, 1915, the description is as follows:

"The Northeast quarter of the southwest quarter and the south half of the southwest quarter of Section six (6) also the east half of the Northwest quarter and the Northwest quarter of the northwest quarter of Section seven (7). Except the west 2 acres of last described tract, all in Township thirty (30) Range twenty (20) containing 238 acres more or less in Greene County, Mo."

 It is apparent that Mrs. Lair's reservation is not the same two acres as Stewart's. Counsel for defendant in error has but little to say regarding this situation, meeting it only with this statement:

"With reference to the deed from Stewart to Fannie P. Lair, it was executed August 15, 1915. The Lair title, as against Stewart, if ever questioned, is good by adverse possession."

He cites a number of decisions holding that where the contract does not call for a perfect paper or record title it may be enforced upon showing a title by adverse possession. We may admit the correctness of this proposition, but we still have the question whether Mrs. Lair shows such a title by this record.

There are no specific findings of fact supporting the conclusion objected to. The only testimony on the point is that of the defendant in error. Its substance is that on September 5, 1915, he and his wife took possession of the 238 acres deeded to the latter by Stewart; had openly and notoriously maintained such possession until 1928; that neither Stewart, Stewart's wife, nor any other person, had, during that time, made any adverse claim; that the cemetery "consisting of 2 acres surrounded by a 4 foot woven wire fence" was on the land when the Stewart deed was made; and that the two acres excepted were the two acres covered by the cemetery. The abstract introduced was but partial, commencing with the Stewart deed. It showed taxes paid, but not who paid them.

No doubt the trial court believed that the description of the two acres in the Stewart deed was inadvertent, and that it was intended to reserve the cemetery. That view is not urged here, however, and there are obvious objections to it. Nor do we see how we can sustain the conclusion upon the theory of title by adverse possession.

Whether the showing constitutes title by adverse possession depends upon the law of Missouri. What is the law of Missouri? If a statute of limitation, it might have been, but was not proven as a fact. We cannot take judicial notice of it. If the common. law, the proofs are clearly insufficient to establish a prescriptive right. If it could be maintained, though it is not contended that presumptively Missouri and New Mexico have the same statutes of limitation, it could not aid defendant in error. He has failed to meet the New Mexico requirements. 1929 Comp. St. §§ 83—119, 83—122.

The judgment must be reversed, and the cause remanded with direction to enter judgment for the plaintiff in error. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.