**T. D. SMITH, Appellant,**

v.

**GREYHOUND LINES, INC., a corporation, Appellee.**

**No. 9402.**

United States Court of Appeals
Tenth Circuit.

Aug. 17, 1967.

Richard E. Ransom, of Smith & Ransom, Albuquerque, N. M., for appellant.

A. H. McLeod, Albuquerque, N. M. (W. A. Keleher and Russell Moore, Albuquerque, N. M., on the brief), for appellee.

WILBUR K. MILLER, Senior Circuit Judge,* and BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant, who was plaintiff in the trial court, appeals from a judgment in favor of appellee-defendant, entered pursuant to a jury verdict. The sole question presented goes to the correctness of a jury instruction.

The facts alleged to support a diversity cause of action in tort are as follows: Smith, a citizen of New Mexico, on June 5, 1965, was riding as a fare paying passenger on a bus operated by Greyhound Lines, Inc., a California corporation. At a point within the State of Arizona, the driver of the bus negligently drove the same in such a manner as to cause Smith to be forcibly and violently knocked about in his seat and injured.

Plaintiff appeals claiming error of the trial court in refusing to instruct the jury that "[T]he nature of this relationship of passenger and common carrier is such that, in the exercise of ordinary care, the law imposed upon the Greyhound Lines and its driver, C. B. Dean, the duty to exercise the highest degree of skill, diligence and care in promoting the safety of plaintiff, T. D. Smith, in light of the surrounding circumstances, as shown by the evidence." Instead of the above instruction, requested by the plaintiff, the trial court instructed the jury on "ordinary care" as provided for in the New Mexico Uniform Jury Instructions (1966).

Rule 51 of the Federal Rules of Civil Procedure sets out the method of objecting to instructions to a jury: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." This court has recently and repeatedly emphasized the importance of following Rule 51 in order to preserve the right to object to instructions on appeal. The record sets out the plaintiff's objections to the court's proposed instructions on the duty of the common carrier. These objections, however, were made before the jury was instructed. At the conclusion of the instructions to the jury, when the court asked if there were any further objections or exceptions to the instructions, neither attorney made any objections. It is clearly pointed out in Dunn v. St. Louis-San Francisco Railway Co., 10 Cir., 370 F.2d 681, that objections and exceptions made prior to the giving of instructions do not conform with Rule 51. This rule did not originate with the Dunn case but is the result of a long line of cases. See cases cited in Chiodo v. General Waterworks Co., 10 Cir., 38 F.2d 860, n. 2. We therefore find that plaintiff is precluded from raising the issue of the incorrect instructions on appeal.

However, we deem it appropriate in this case to briefly demonstrate that even if our prior decisions interpreting Rule 51 permitted us to consider appellant's objections to the court's instructions, he could not prevail here. This case is in the federal courts on diversity grounds. It involved a tort case wherein the tortuous act alleged occurred in a state other than the state of the forum, i. e., the alleged act occurred in Arizona, whereas the case was being tried in New Mexico. As a general rule of conflicts law the forum state will apply

* Of the United States Court of Appeals for the District of Columbia, sitting by designation.

the law of the state where the injury occurred. 16 Am.Jur.2d § 71. However, in this case, while there was some mention made in pre-trial conference of which law should apply, no foreign law was in fact pleaded or urged upon the court to be applied to the case. It is well settled that a federal court sitting in diversity applies the conflicts law rule of the state of the forum. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The applicable New Mexico law appears to be that if the foreign law is not pleaded or proved or brought before the court the court will apply the law of the forum. Boswell v. Rio De Oro Uranium Mines, Inc., 68 N.M. 457, 362 P.2d 991; Gehman v. Lair, 35 N.M. 17, 288 P. 604. Therefore, the lower court was justified in applying New Mexico law to the case.

■■ There appears to be some conflict as to what the New Mexico law is with regard to the duty of care owed by a common carrier to a passenger. Prior New Mexico cases have indicated that the common carrier owes his passenger the highest degree of care in promoting their safety. See Hole v. Womack, 75 N.M. 522, 407 P.2d 362; Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507. On May 5, 1966, the Supreme Court of New Mexico approved for use in the New Mexico Courts the New Mexico Uniform Jury Instructions, (1966), the same to "be effective and apply to all civil cases filed in district court on and after September 1, 1966." [1] The trial judge construed this to include civil cases on file on the effective date. We would not say that such construction is clearly contrary to the language above quoted. This work expressly provides that there be no instruction given as to the highest degree of care in causes of action between a passenger and a common carrier. See New Mexico Uniform Jury Instructions, (1966), 6.5. These instructions were approved by the New Mexico Supreme Court after apparent close review and some changes not pertinent here. In a

situation where the applicable state law is not exactly clear the federal appellate court gives great weight to the trial court's interpretation of the state law and will not reverse the trial court's view unless it is clearly erroneous. Industrial Indemnity Company v. Continental Casualty Company, 10 Cir., 375 F.2d 183 (1967); Bushman Construction Company v. Conner, 10 Cir., 351 F.2d 681.

Affirmed.

---

1. New Mexico Statutes Annotated, 1953, § 21–1–1(51) (k), 1953 Comp., as amended May 5, 1966.