388 F.2d 528
 FOUNDATION RESERVE INSURANCE COMPANY, Appellant,
v.
Joseph L. KELLY, Administrator of the Estate of Viola J.
Robbins, Deceased, and G. D. Madden, Jr.,
Administrator of the Estate of George D.
Madden, Deceased, Appellees.
 No. 9621.
 United States Court of Appeals Tenth Circuit.
 Jan. 10, 1968.
 
 John P. Duffy, Albuquerque, N.M. (Leroi Farlow, Albuquerque, N.M., on the brief), for appellant.
 J. A. O'Toole, Oklahoma City, Okl., and J. Rex Spurr, Shawnee, Okl. (Cook, O'Toole, Ming & Tourtellotte, Oklahoma City, Okl., Alfred M. Parsons, Shawnee, Okl., Joseph J. Mullins, and Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N.M., on the brief), for appellees.
 Before HILL and SETH, Circuit Judges, and DOYLE, District Judge.
 HILL, Circuit Judge.
 
 
 1
 This appeal is from an order granting summary judgment in favor of appellees, who were plaintiffs in the trial court, and against appellant insurance company, the defendant in that court. No question is raised here as to use of summary judgment, therefore, we must assume at the outset that there were no genuine issues of fact in the case and that the case was a proper one for use of summary judgment procedure.
 
 
 2
 Viola J. Robbins, on October 26, 1963, was the insured under an automobile liability insurance contract with appellant, Foundation Reserve Insurance Company. On the above date Mrs. Robbins, while driving her automobile in the state of Oklahoma, was involved in a serious accident with another vehicle driven by George D. Madden. As a result both Mrs. Robbins and Madden died. Appellee, G. D. Madden, Jr., was soon thereafter duly appointed Administrator of the George D. Madden Estate on Oklahoma. On November 11, 1963, after learning about the above mentioned insurance contract, he gave notice in writing of the accident to both appellant and its agent who wrote the policy. On February 21, 1964, appellee Kelly was appointed Administrator of the Robbins Estate in Oklahoma and on February 25 he gave written notice of the accident to both appellant and its agent. Appellant denied coverage.
 
 
 3
 Madden's administrator thereafter brought suit in Oklahoma against the Robbins estate to recover for George d. Madden's wrongful death. Appellant refused to defend this action. In this suit a judgment in the amount of $12,217.15 was rendered against the Robbins estate. It is important that both prior to trial and after the judgment was obtained appellant rejected offers to settle within the limits of the policy, which was $5,000.00.
 
 
 4
 This action was thereafter instituted in the United States District Court for New Mexico by the two administrators against Foundation Reserve to recover upon the prior judgment and for attorney fees, court costs and interest. The causes of action asserted were bottomed upon the alleged bad faith of Foundation Reserve by failing and refusing to compromise, settle and pay the asserted claim against it. Expressly they alleged, 'Defendant's unwarranted refusal to honor its contract constituted a breach of an implied covenant of good-faith and fair dealing with its insured' thereby making the company liable in an amount in excess of the policy limits.
 
 
 5
 Foundation Reserve, for its defense, relied upon the 'notice of claim' provision of the policy and contended that notice had not been given as required by the policy.[1] It also denied any bad faith on its part in its refusal to defend or to settle within the policy limits.
 
 
 6
 The trial court found for appellees with the provision that the Madden estate be limited to recovery on the amount covered by the policy but that the Robbins estate could collect the excess necessary to satisfy the judgment against it held by the Madden estate. Also included were $500.00 for funeral expenses and $1,000.00 for attorney fees owed the Robbins estate under provisions of the insurance policy.
 
 
 7
 Appellant urges that the district court erred in holding as a matter of law that appellant was guilty of bad faith in its failure to settle and in holding that appellant was liable for an amount in excess of the policy limit of $5,000.00. In support of this appellant first argues that it was not guilty of bad faith in refusing to defend or settle because it was justified in contending that there was no coverage under the policy due to the breach of the notice requirements. Appellant strongly urges the proposition that notice given by the Robbins estate was not timely. The issue is, however, bypassed if the district court was correct in saying that the actual notice given appellant by Madden, as Administrator of the Madden Estate, on November 11, 1963, satisfied the notice conditon of the policy.
 
 
 8
 The district court's decision that this notice satisfied the actual notice condition is in conformity with a later New Mexico case, State Farm Mutual Automobile Insurance Co. v. Foundation Reserve Insurance Co., 78 N.M. 359, 431 P.2d 737, and is in accordance with established insurance law. See 7 Am.Jur.2d, Automobile Insurance, 147; 45 C.J.S. Insurance 1051; 13 Couch on Insurance 2d, 49:101. Appellant cites three Texas cases as supporting the proposition that notice given by the injured party is not on behalf of the insured and thus does not satisfy the notice requirements under an insurance policy. The fact that Texas courts may take this position does not detract from the trial court's decision in this case to follow the majority rule. It is clear that the trial court did not err in holding that the actual notice was sufficient and that the insurance company should have defended the action below.
 
 
 9
 Appellant argues further that in any respect it was justified in relying on these Texas cases in deciding that the notice given by the injured party was not sufficient to satisfy the notice requirements of its policy and thus its decision not to defend or settle was not made in bad faith. Upon examination of these Texas cases, however, we find this position difficult to accept. The primary case relied on by appellant is White v. Transit Casualty Co., 402 S.W.2d 212 (1966, Tex.Civ.App.). This case was decided at least three years after the decision by appellant that the notice requirement had not been met. The two other cases cited are distinguishable upon their facts.[2] Therefore, we question whether any person could reasonably have decided in view of the case law available that the actual notice given in the instant case was not sufficient to satisfy the notice provisions of the insurance policy in question.
 
 
 10
 The remaining question is whether the trial court may properly award a recovery in excess of the $5,000.00 limitation of the insurance policy. As a general rule of law when an insurance company in good faith mistakenly refuses to defend a claim it is not liable beyond the limits of its policy. See 14 Couch on Insurance 2d, p. 555, 51:55. The instant case, however, presents facts which go beyond this general rule in that an opportunity was presented here for settlement within the limits of the insurance policy when the possibility existed that a judgment would be granted in excess of this amount. Again as a general rule of law, if an insurance company in bad faith refuses to settle or compromise within the policy limits it is liable for the amount of the judgment in excess of the policy limit. See 14 Couch, Insurance 2d, p. 507, 51:3. Very few cases have considered the problem presented in the instant case which in effect calls into play both of the above rules. Additionally results reached by the few cases which have considered the problem have not been uniform. This court in State Farm Mutual Automobile Insurance Co. v. Skaggs, 10 Cir., 251 F.2d 356, a diversity case, applying Oklahoma law, held that a refusal to defend and settle a case where a substantial basis existed for the denial of coverage does not subject the insurer to any liability in excess of the amount of its policy. The court, however, expressly noted that the situation may be different where the insurance company's claim of non-coverage is 'wholly groundless and without substantial foundation.'[3] However, since the instant case is a diversity action in which New Mexico law and not Oklahoma law is applicable the trial judge would not necessarily be bound by this court's decision in State Farm Mutual Automobile Insurance Co. v. Skaggs, supra.[4]
 
 
 11
 A second theory has been adopted by the California and Missouri courts in Comunale v. Traders & General Insurance Co., 50 Cal.2d 654, 328 P.2d 198, 68 A.L.R.2d 883, and Landie v. Century Indemnity Co., 390 S.W.2d 558 (Mo.App.) and was applied by the trial court to the instant case. The theory of these cases is that notwithstanding an honest belief by the insurer that the policy is not in effect the company must in good faith consider offers for settlement within the limits of the insurance policy.[5]
 
 
 12
 It is clear that upon the undisputed facts of this case the refusal of the appellant to settle was bad faith as a matter of law. Of particular importance here is the fact that an offer to settle was available after a judgment of over $12,000.00 had been rendered against the insured. This court has stated that 'We think it clear that an even greater duty rests upon the company after a verdict in excess of the policy limitation has been returned and an offer of settlement within the policy is made' for the company to settle. Hazelrigg v. American Fidelity & Casualty Co., 10 Cir., 241 F.2d 871, at 873. Since as shown above there was coverage under the policy, appellant's refusal in bad faith not to settle makes it liable for the entire judgment rendered against the insured. The judgment is affirmed.
 
 
 
 [1]
 Condition No. 1 of the policy states as follows:
 'No. 1, NOTICE OF ACCIDENT, Coverages A, B and C. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and available witnesses.'
 
 
 [2]
 New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56, (1945), dealt with an owners', landlords' and tenants' public liability policy covering a building used as a department store and the policy required that the assured and not anyone on his behalf give immediate written notice of any accident. There was no issue raised or discussed in the case as to what person could properly give notice, rather the discussion centered on whether the notice given was unreasonably late. The second Texas case is Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955). In this case the insurance company found out on its own of the occurrence of the accident and took steps to investigate the accident. The court did not discuss the issue of whether an injured party might properly give notice under the insurance policy. Further, the court found that there was no showing that the insured was unable physically or mentally to comply with the condition of giving notice
 
 
 [3]
 Application of the theory presented in Skaggs would require a factual determination of the reasonableness of the refusal to defend making the case improper for summary disposition, i.e., of importance here might be the state of mind of appellant's claim manager when the refusal to defend was made. This theory was apparently not applied by the lower court as it was noted that the Skaggs case did not apply. From the above discussion of the sufficiency of the notice in this case it should be clear that the application of the rule presented in Skaggs would also result in appellant's liability
 
 
 [4]
 Since there are no New Mexico cases dealing with an analogous situation, we accept the trial court's decision of what the applicable New Mexico law would be. Great-West Life Assurance Co. v. Levy, 10 Cir., 382 F.2d 357; Smith v. Greyhound Lines, Inc., 10 Cir., 382 F.2d 190
 
 
 [5]
 The California court stated 'An insurer who denies coverage does so at its own risk, and, although its position may not have been entirely groundless, if the denial is found to be wrongful it is liable for the full amount which will compensate the insured for all the detriment caused by the insurer's breach of the express and implied obligations of the contract. Certainly an insurer who not only rejected a reasonable offer of settlement but also wrongfully refused to defend should be in no better position than if it had assumed the defense and then declined to settle. The insurer should not be permitted to profit by its own wrong.' Id. 328 P.2d at 202