**John J. ROONEY, Trustee in the Matter of James Bernard Johnson and Dolores June Johnson, Bankrupts, Appellant,**

**v.**

**Thomas F. MASON and Doris G. Mason, Appellees.**

**No. 9819.**

United States Court of Appeals
Tenth Circuit.
May 13, 1968.

James P. Horiskey, Cheyenne, Wyo., for appellant.

William A. Riner, Cheyenne, Wyo., for appellees.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

This is an appeal by a trustee in bankruptcy. Suit was brought under 11 U.S.C. § 96, or § 60 of the Bankruptcy Act, to have the transfer of certain property to appellees declared a preferential transfer and thus returnable to the trustee. Judgment was denied appellant on summary judgment on the basis that appellees had a valid security interest in the property transferred to them.

It was stipulated that no dispute as to any genuine issue of fact existed. The facts, therefore, which were set out by the trial court and upon which this decision rests are as follows: On December 31, 1962, Thomas F. Mason and Doris G. Mason entered into an agreement of sale with James B. Johnson and Dolores J. Johnson with respect to a drugstore business located in Cheyenne, Wyoming. Included within the agreement of sale was a provision that the sellers could accelerate the balance due upon default of the buyers and if the unpaid balance was not thereafter tendered the seller could terminate all the buyers' rights under the agreement.[1] In February of 1967 the Johnsons defaulted under the agreement of sale and the appellees through their attorney accelerated and declared due and payable the balance of $22,827.92 and accrued interest then due. On March 4, 1967, the Johnsons delivered to Mason the keys to the store building where the inventory of merchandise and store fixtures were located and the appellees received and re-took possession of the stock of merchandise for resale, fixtures, equipment and accounts receivable from the Johnsons pursuant to the terms of the agreement of sale.[2] On March 6, 1967, James B. Johnson and Dolores J. Johnson filed their voluntary petition in bankruptcy and were thereafter adjudi-

1. Paragraph 11 of the Agreement of Sale provided: "If default be made in the performance by Buyers of any agreement, covenant or obligation hereunder, and such default continue for a period of 20 days, the whole unpaid balance due under the terms of this agreement shall at the option of the Sellers immediately become due and payable and if the unpaid balance be not tendered within an additional period of 10 days Sellers may terminate all Buyers' rights under this agreement and in the property as herein provided or may enforce Buyers' obligations hereunder by any appropriate judicial proceeding. If Sellers elect to terminate Buyers' rights hereunder, then the recording of a declaration of forfeiture setting forth the fact of such failure in the Office of the Laramie County Clerk, Laramie County, Wyoming, shall be sufficient to cancel all the obligations hereunto on the part of the Sellers and fully reinvest them with all right, title and interest hereby agreed to be conveyed, and Buyers shall forfeit all payments made by them under this contract as liquidated damages. In such case Buyers further agree to execute a quitclaim bill of sale releasing all interest to Sellers."

2. The estimated valuation of the property transferred was stock in trade, $29,678.11, and accounts receivable, $4,885.22.

cated bankrupts. Appellant, John J. Rooney, was appointed trustee of the estate of the bankrupts on March 23, 1967. The court took as established that Thomas Mason was a resident of Cheyenne, Wyoming, and had lived there and been in business in Cheyenne for many years prior to and continuously since December 31, 1962, and had maintained both telephone and Cheyenne City Directory listing for both his residence and business addresses during all the above time; that he knew and dealt with the suppliers of inventory items for the drugstore while operated by him, the same suppliers who were listed by the bankrupts as creditors in their schedules to their petition in bankruptcy and further that these creditors knew or could readily have known the address of Thomas F. Mason. The court further stated that from December 31, 1962, the creditors listed by the Johnsons knew the business and home addresses of James and Dolores Johnson and were in continual contact with them at such addresses.

It was appellees' contention that a Notice of Agreement, recorded on January 3, 1963, in the office of the County Clerk of Laramie County, Wyoming, satisfied the Wyoming requirements for the filing of the financial statement under the Uniform Commercial Code, § 34–9–402, Wy.Stat. (1957), sufficient to perfect a security interest in the inventory and accounts receivable granted them under the agreement of sale. The trial court found that the agreement of sale constituted a conditional sales contract reserving in the sellers a security interest and further that the Notice of Agreement satisfied Wyoming requirements for a financial

statement the filing of which perfected appellees' security in the property transferred to them.

The sole contention raised here is that the trial court erred in holding that the Notice of Agreement filed by appellees was sufficient to satisfy the requirements of a financing statement under the Wyoming Commercial Code.[3] The Notice of Agreement filed by the appellees reads as follows:

"NOTICE OF AGREEMENT.

"Pursuant to the terms and conditions of an Agreement of Sale dated December 31, 1962, and executed by all the parties hereto, the undersigned, Thomas F. Mason, and Doris G. Mason, agree to sell and James R. Johnson and Dolores J. Johnson, husband and wife, agree to purchase, Mason's Airbase Pharmacy, consisting of the personal property and stock in trade used in connection therewith.

"Dated this 31st day of December 1962.

"/s/ Thomas F. Mason

"/s/ Doris G. Mason, Sellers,

"/s/ James B. Johnson

"/s/ Dolores J. Johnson, Buyers."

The Wyoming statutory provisions pertaining to the sufficiency of a financing statement as stated in § 34–9–402 recites: "(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, with a mailing address of the debtor and contains a statement indicating the types, or describing the items of collateral. * * * (5) a financing statement substantially complying with the requirements of this

3. Appellant also states that he disagrees that the agreement itself constituted a conditional sale but presents no argument to support this disagreement. The trial court found that the sellers did not intend to convey title to the property until all the covenants contained in the Agreement of Sale were complied with as expressly stated in Paragraph 1 of that Agreement.

This is further exemplified by Paragraph 11 of the Agreement of Sale set out in footnote 1 above, which clearly shows that upon default in payments the sellers were to recover all of the property conveyed. It is, therefore, clear that the trial court was not erroneous in finding that the Agreement of Sale constituted a conditional sale.

section is effective even though it contains minor errors which are not seriously misleading." The two major deficiencies relied upon by appellant are, first, that the notice of agreement did not in any respect indicate that there was an underlying security interest in the sale and, second, that the notice of agreement filed did not set out the addresses of the two parties.

Two cases are cited by appellant for the proposition that the omission of an address from a financing statement makes it defective. Neither of these cases, however, presented a factual situation similar to that presented here, i.e., where the addresses of both parties were readily attainable and known by virtually all of the creditors. In In re Smith, D.C., 205 F.Supp. 27, a financing statement was rejected from filing by the Secretary of the Commonwealth of Pennsylvania because of the lack of the debtor's mailing address. No mention was made by the court of the availability of the debtor's address in its decision holding the statement defective. In Strevell-Paterson Finance Co. v. May, 77 N.M. 331, 422 P.2d 366, the security interest was a chattel mortgage on an electric guitar and its amplifier. The lack of the address of the debtor was held to make the statement defective because the lack of his address would make it "an undue burden on the person seeking such information to find him." Strevell-Paterson Finance Co. v. May, supra at 369. Either of the courts might have created an exception had, as in the present case, the addresses been readily available and known to all creditors. In a third case cited by appellant, Architectural Cabinet, Inc. v. Manley, Pa.Crt. of Common Pleas, UCC Reporting Service 263, the court stated in dicta that the filing of a document that was solely a bill of sale or an agreement to buy and sell cabinets gave no indication of an underlying security interest and hence could not serve as a financing statement.

A federal court in seeking to determine the validity of a security interest challenged by the trustee in bankruptcy must look to the applicable state law. See Vanstron Bondholders Protest Comm. v. Green, 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162; Loye v. Denver United States National Bank, 10 Cir., 341 F.2d 402; and Potucek v. Cordeleria Lourdes, 10 Cir., 310 F.2d 527. There are, however, no Wyoming cases establishing the standards to be applied to § 34–9–402 to determine the effectiveness of a financial statement. In Loye v. Denver United States National Bank, supra 341 F.2d at 404, this court stated that "In such a situation this court has repeatedly said that we will give great weight to the Federal trial judge's interpretation of local law and will accept his interpretation unless convinced it is clearly erroneous." See also Foundation Reserve Insurance Co. v. Kelly, 10 Cir., 388 F.2d 528, and Employers Mutual Casualty Co. v. MFA Mutual Insurance Co., 10 Cir., 384 F.2d 111. It is stated by appellant that the purpose of § 34–9–402 is to establish a notice system of recording and that the notice may be such as to require a creditor to make further inquiry. The Wyoming Courts might reasonably hold that a creditor examining the records is put on notice to make further inquiry upon seeing the notice of agreement. Further, the fact that the addresses of both parties were readily available and known by virtually all creditors could reasonably be found sufficient to make unnecessary the listing of the addresses of the parties. Therefore, it was not clearly erroneous for the trial judge to find that appellees' security interest was perfected and that the transfer of property was not a preference.

Affirmed.