**992**

Irving SILVER, as Trustee in Bankruptcy for Clyde Basil Tillman, Bankrupt, Plaintiff-Appellant,

v.

GULF CITY BODY & TRAILER WORKS, a corporation, and Hobbs Trailers, Division of Fruehauf Corporation, a corporation, Defendants-Appellees.

No. 29815

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1970.

Herbert P. Feibelman, Jr., Mobile, Ala., for plaintiff-appellant.

I. David Cherniak, Mobile, Ala., for Gulf City Body & Trailer Works.

T. Massey Bedsole, Mobile, Ala., for Hobbs Trailers.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

▮ Post office boxes do not have to possess the occult quality of engaging in oral communication with inquirers to meet the requirement of the Alabama Uniform Commercial Code that a financing statement show the address of the secured party. To paraphrase—the Code helps those who help themselves. We affirm.

Irving Silver, trustee in bankruptcy for Clyde Basil Tillman, contends that the vendor of personal property to the bankrupt, Gulf Body & Trailer Works, and the transferee of the vendor, Hobbs Trailers, a division of Fruehauf Corporation, did not retain a valid security interest against the trustee. The financing statement covering this property failed to comply with the provision of the Alabama Uniform Commercial Code which provides that a "financing statement is sufficient if it * * * gives an address of the secured party from which information concerning the secured interest may be obtained * * *." 7A Code of Ala. § 9–402(1).

---

The contention made is that the address, "Box 2146, Fort Worth, Texas," does not meet this statutory address requirement for financial statements, since, to quote appellant's attorney, "I seriously doubt that if anyone went to the post office in Fort Worth, Texas and found a post office box by such number and asked it a question such as the balance due on the mortgage, if such post office box or postal clerk who happened to be nearby would be able to supply such information."

Fortunately, when courts find themselves wandering in the maiden labyrinth of the Uniform Commercial Code, the Code itself offers a helping hand; the Alabama version is no exception. The opening stanzas of the statute provide that:

(1) This act shall be liberally construed and applied to promote its underlying purpose and policies.

(2) The underlying purposes and policies of this act are:

   (a) to simplify, clarify, and modernize the law governing commercial transactions;

\*   \*   \*   \*   \*   \*

   (c) to make uniform the law among the various jurisdictions. 7A Code of Ala. 1–102.

Additional aid may be gleaned from one other subsection:

(5) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading. 7A Code of Ala. § 9–402(5).

However, these clear statutory mandates for liberal construction and uniformity between Uniform Code jurisdictions, and the Code grant of efficacy to substantial compliance are all we can glean from Alabama law. There are no interpretative decisions from that State's courts. This circumstance, when taken with the law's expressed desire for national uniformity in commercial law, propels us to an examination of the decisional law of the other Uniform Commercial Code jurisdictions. An examination of this law quickly discloses the annals of Uniform Commercial Code litigation are bare of any challenge to the sufficiency of an address with such postal cogency.

The only cases which have held a financing statement insufficient for lack of an adequate address are those where the statement contained no address at all. In Re Childress, 6 UCC Reporting Service 549 (E.D.Tenn.1969); In Re Smith, 205 F.Supp. 27 (E.D.Penn.1962); Strevell-Patterson Finance Corp. v. May, 77 N.M. 331, 422 P.2d 366 (1967). Even the lack of any address will not always deprive a financing statement of its validity. In Rooney v. Mason, 394 F.2d 250, 5 UCC Reporting Service 308 (10th Cir. 1968), the address of neither the secured party nor the debtor appeared on the filed notice of agreement. The court nevertheless held the security interest protected on the basis that the addresses were readily available and were, in fact, known to the challenging creditors. Obviously, we do not have to place our decision here upon *Rooney*. But the case is illustrative of the great liberality with which the courts interpret the UCC. The overall thrust of *Rooney* and other cases in this area is to uphold validity if sufficient information can reasonably be gleaned from the filing to enable those desiring to reach the secured party to do so. In Re Bennett, 6 UCC Reporting Service 551 (W.D.Mich.1969); In Re Platt, 3 UCC Reporting Service 275 (E.D.Pa.1966), vacated on other grounds, 275 F.Supp. 478 (E.D.Pa.1966).

The quality of an address that made it reasonably possible for a creditor to contact the secured party certainly was the controlling principle enunciated by In Re Bengston, 3 UCC Reporting Service 283 (D.Conn.1965). In *Bengston* the address was merely: "Coca-Cola Bottling Company, East Hartford, Conn." Yet, that court pointedly declared:

[n]o creditor would have any difficulty in reaching the secured party with the information contained in the

**994**

financing statement. No reasonable person would be "seriously misled" by this address of the secured party.

We reject the trustee's contention that *Bengston* can be distinguished since there was only one Coca-Cola Company in East Hartford. Certainly an interested creditor could not have gotten direction from the financing statement alone which would, without more, have led him to a source of live communication with the appropriate official of the Bottling Company. Since the record does not disclose that there is more than one post office box number 2146, in Fort Worth, Texas, we hold the address in the case at bar to be an equally efficient direction to one interested in acquiring additional details.

Under Alabama's mandates of liberal interpretation and uniformity among the States, we hold the address, "Box 2146, Fort Worth, Texas," to be in substantial compliance with the requirements of its Uniform Commercial Code governing the content of financing statements and therefore valid.

Affirmed.