**Kal W. LINES, Trustee in Bankruptcy of the Estate of John Muska, Individually and doing business as John Muska Company, Bankrupt, Appellant,**

v.

**The BANK OF CALIFORNIA, Appellee.**

**No. 26296.**

United States Court of Appeals, Ninth Circuit.

Oct. 10, 1972.

Burton I. Meyer (argued), of Glicksberg, Kushner & Goldberg, San Francisco, Cal., for appellant.

John C. Till (argued), of Currie, Lesback, Hannig & Ferrari, Redwood City, Cal., for appellee.

Before BROWNING, CARTER and HUFSTEDLER, Circuit Judges.

PER CURIAM:

The bankrupt gave appellee's predecessor in interest a chattel mortgage on personal property to secure a loan. A financing statement was filed with the Secretary of State pursuant to section 9401(c) of the California Commercial Code to perfect the security interest. The trustee contends that the security interest is invalid because the financing statement did not contain the residence address of the debtor as required by section 9402(1) of the Code.

The referee rejected this contention after an evidentiary hearing, for the following reasons. The financing statement contained all of the other information described in section 9402(1), including the creditor's name and address, the debtor's name, mailing address, trade name, and the address of his chief place of business, and a description of the mortgaged property. The mortgaged property was machinery and equipment located at the debtor's chief place of business, at the address given in the financing statement. If the debtor had sought credit on the basis of ownership of this property, the prospective creditor would want to know whether the particular property was subject to any prior security interest, and the financing statement would have given notice of the bank's interest. In the circumstances of this case the debtor's residence address was not important, as it might have been if the mortgaged property had been located at the residence address. The referee suggested that the residence address might also be important where the mailing address was a post office box and the identity and location of the debtor was difficult to ascertain. Here, however, the debtor's mailing address was the address of his principal place of business, where the property in question was located.[1]

The referee noted that section 9402(5) of the Code provides that:

"A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."

The referee concluded that "the omission of the residence address in this statement was not misleading to any degree."

The district court denied the trustee's petition for review, holding "that there was ample evidence to support Referee Gillard's decision that there could have been no misleading by the financing statement."

Appellant argues that, contrary to a long-established California rule of statutory construction (*see* Bourland v. Hildreth, 26 Cal. 161, 181 (1864)), the referee and the district court have nullified the express words of section 9402 that provide that when the debtor is an individual the financing statement "shall also set forth . . . the address of his residence."

It is an equally time-honored rule of California law that statutes are to be construed to effectuate the Legislature's purpose and that the construction should be of the whole statute. Smith v. Randall, 6 Cal. 47 (1856).

In this instance, "the statutory scheme is designed to provide a system whereby a potential creditor will be able to ascertain whether the potential debtor's prop-

---

1. The referee observed that the California Legislature and Secretary of State gave greater significance to the mailing address than to the residence address. Section 9403(4) of the Code provides that the filing officer shall note in the index of financing statements only "the file number and the mailing address of the debtor (or assignor or seller) given in the statement." The official forms to be used by a prospective creditor in requesting information as to financing statements from the Secretary of State requires the insertion of the name and mailing address of the debtor, not his residence address.

erty is burdened with security interests." In re Thomas, 466 F.2d 51 (9th Cir., 1972).

The finding of the referee and the district court that in all the circumstances of this case the omission of the debtor's residence address could not have been misleading to creditors was not clearly erroneous.[2] The district court was not clearly wrong in concluding that the Supreme Court of California would hold that the financing statement "substantially compl[ied] with the requirements" of section 9402(1) within the meaning of section 9402(5). See Rooney v. Mason, 394 F.2d 250, 253 (10th Cir. 1968).

Affirmed.

---

2. The trustee argues that since the official form of financing statement approved by the Secretary of State provided that the residence address is to be given "if . . . different than" the mailing address, the absence of a residence address would have misled a prospective creditor into believing that the debtor, John Muska, lived at his stated mailing address, although in fact he did not.

Since the address given as Muska's mailing address was also that given as the address of Muska's chief place of business, it is unlikely that a prospective creditor would have been misled in the respect suggested. In any event, to invalidate the financing statement the error must be "seriously misleading," and it is difficult to see how a prospective creditor could have been prejudiced by the mistaken assumption that Muska resided in his place of business, where the mortgaged property was also located.