In the Matter of the BANKRUPT ESTATE of William Travis SMITH and Betty Faye Smith, Bankrupt.

L. Breland HILBURN, Trustee, Appellant,

v.

SOUTHERN TRAILER DISTRIBUTORS, INC., and Trailer Credit Corporation, Appellees.

No. 74–3771

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1975.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Rice P. York, L. Breland Hilburn, Jackson, Miss., for appellant.

James W. Smith, Jr., Pearl, Billy G. Bridges, Jackson, Miss., for appellees.

Doug Wade, Jackson, Miss., for other interested parties.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

William T. Smith and his wife Betty have filed a petition in voluntary bankruptcy. A major part of their personal property is a mobile home, the bone of contention here. Trailer Credit Corporation (Trailer), as assignee of Southern Trailer Distributors, Inc., claims priority as holder of a perfected security interest in the mobile home. The trustee in bankruptcy challenges Trailer's preferred status, asserting that its security interest was never perfected under Mississippi law. The bankruptcy judge ruled in favor of the trustee, holding that Trailer's security interest was unperfected, but was reversed by the district court.

Mississippi has adopted Article 9 of the Uniform Commercial Code, under which a security interest in property similar to that under consideration may be perfected by filing a financing statement in the proper location.[1] The financing statement, commonly referred to as a UCC–1 form, should contain, among other things, the name and a mailing address of the debtor. Miss.Code Ann. § 75–9–402(1). Here the financing statement filed by Southern Trailer Distributors, Inc. listed as the bankrupts' mailing address only "SMITH, William T. & Betty: Jackson, Mississippi 39208." The security agreement itself gives their address as "Route 4, Box ——, Jackson, Mississippi 39208." It is the contention of the trustee in bankruptcy that there is a deficiency in the mailing address as shown on the financing statement and that this deficiency prevented the perfection of the valid security interest. We disagree.

In Mississippi, financing statements once filed are indexed under the name of the debtor. The index contains, in addition to the name of the debtor, the file number of the financing statement and the address of the debtor given in the statement. Miss.Code Ann. § 75–9–403(4). The financing statement, in turn, should properly contain the name and a mailing address of the debtor, the

---

1. Apparently uncertain as to the proper place to file, Southern Trailer Distributors applied the belt-and-suspenders principle, filing both with the Secretary of State and with the Chancery Clerk of Rankin County.

name of the secured party and "an address of the secured party from which information concerning the security interest may be obtained," and "a statement indicating the types, or describing the items, of collateral." Miss.Code Ann. § 75–9–402(1). However, "A financing statement substantially complying with the requirements of . . . [§ 75–9–402] is effective even though it contains minor errors which are not seriously misleading." Miss.Code Ann. § 75–9–402(5).

At least one court has opined, in dictum, that the omission of the debtor's address from a financing statement would, as a matter of law, prevent such a statement from perfecting a security interest. In re Smith, 205 F.Supp. 27 (E.D.Pa.1962). Other, and we believe better reasoned, opinions have held that the omission of the debtor's address does not necessarily have this effect. Rooney v. Mason, 394 F.2d 250 (10th Cir. 1968), In re French, 317 F.Supp. 1226 (E.D. Tenn.1970).[2] We are faced with a less drastic situation, for here the entire address of the debtors has not been omitted. Rather the address, as given, is arguably incomplete.[3] We believe that in most cases, including this, the listing of an incomplete address for the debtor is not seriously misleading and is a minor error. Though the practice is certainly not to be commended, a financing statement including such an address will usually be in substantial compliance with the requirements of UCC 9–402.

Article 9 contemplates a notice system designed to alert those who wish to deal with debtors that others may hold security interests in property which they are contemplating purchasing or taking as collateral. A filed and properly indexed financing statement should serve this function. If a financing state-

ment containing an incomplete address of the debtor would not do so, it could not rightly perfect a security interest. However, this is not our case. A properly filed financing statement is effective for five years. Miss.Code Ann. § 75–9–403(2). "[A] filing which is made in the proper place in this state continues effective even though the debtor's residence or place of business . . . is thereafter changed." Miss.Code Ann. § 75–9–401(3). Moreover, there is no requirement that, once filed, a financing statement be amended to show a change in the address of the debtor. Thus, it is clear that one utilizing the Article 9 notification system can in no case safely rely upon the address listed in the index or on the financing statement as reflecting the correct, present address of the debtor. It follows that the address required by the UCC–1 form is not designed to locate currently or identify, for certain, the debtor. As a practical matter, ninety-nine times out of a hundred the debtor will have applied to and already be known to the party who wishes to deal with him. We believe the Code clearly contemplates that the correct names of the debtor[4] and secured party and an adequate shorthand description of the collateral is what is required to put one on *notice* of a possible security interest. Although a correct address might provide confirmation that a debtor who has not moved is the debtor listed on a financing statement, an incorrect address does not destroy notice and cannot relieve the investigating party of delving further into the status of the collateral. This being the case, it would be a windfall to the unsecured creditors to hold here that Trailer should be denied its security interest.

Affirmed.

---

2. In both of these cases the address of the secured party, as well as that of the debtor, was omitted.

3. The bankruptcy judge found that there were numerous William Smiths and William T. Smiths within the City of Jackson and that no particular debtor could be designated by the address supplied within the financing statement. A more useful finding would have been whether, as Trailer asserted below, there

was only one W. T. Smith or William T. Smith living in the given zip code area, so that a letter mailed to the address given would in normal course have reached the debtors. *Cf.* Silvers, Trustee in Bankruptcy v. Gulf City Body & Trailer Works, 432 F.2d 992 (5th Cir. 1970).

4. The correct name of the debtor is necessary for indexing, as well as identity.